STEVE CHASE, *Appellee*, v. E. F. BARNES, *Appellant*.

No. 16,380.

SYLLABUS BY THE COURT.

DAMAGES—*Breach of Warranty—Encumbrance—Sale of Leased Land—Ratification of Lease—Advanced Rental*. In March the owner of farm land leased it for the season, the tenant paying $100 at the time on account of the hay crop, and agreeing to deliver two-fifths of the other crops. In June the owner conveyed the land, warranting against any encumbrance. The grantee accepted from the tenant two-fifths of the other crops and sued the grantor for damages, claiming their measure to be the value of the hay crop at the time the deed was executed. *Held*, that he was entitled to a recovery, but only to the amount of $100.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed March 12, 1910. Modified and affirmed.

*W. J. Costigan,* for the appellant.

*F. M. Harris,* and *J. G. Johnson,* for the appellee.

The opinion of the court was delivered by

MASON, J.: On June 5, 1907, E. F. Barnes contracted in writing to convey a tract of land to Steve Chase, the grantee to have the crops for that year. On June 25 the contract was carried out by the execution of an ordinary warranty deed. Four months later Chase sued Barnes for $150, pleading the contract and alleging that the defendant before delivering the land had sold a part of the crop, worth that amount. Barnes filed a motion to require the petition to be made more definite by describing the part of the crop that had been sold, and the manner of its sale. The motion was denied and he answered, pleading the deed and alleging that at the time of its execution the land was occupied by a lessee, Cornelius Crozier, under an agreement to pay $100 for the hay crop (which payment had been made on taking possession, March 1,) and to deliver to the landlord two-fifths of the other crops; that Chase had recognized the lease and accepted from the tenant the landlord's share of the other crops. A trial was had without a jury. The contract and deed were not disputed. The evidence showed that the tenant had harvested and kept the hay crop, which was worth $344; that it had been worth half that amount as it was growing in the field June 5; that the only other crop was corn, two-fifths of which the tenant delivered to Chase, who accepted it. The plaintiff recovered judgment for $150 and interest, and the defendant appeals.

Barnes asserts that in order to have expressed the real intention of the parties the contract and deed should have reserved to him the hay crop, but he con-

cedes that this defense is not open, and mentions it only as a justification for standing upon the strict letter of the law in other respects. His principal contention is that the sale of the hay to Crozier, having been made while the grass was growing, was void under the statute of frauds because not evidenced by any writing, and that Chase need not have recognized it; that having failed to insist upon his legal right against Crozier he had no recourse against Barnes. The flaw in this reasoning is that although the transaction between Barnes and Crozier is described in the petition as a sale of the hay for $100, it was really, as it is properly desigated in the answer, a lease of the premises, by the terms of which the tenant was to pay that amount in cash and to deliver a part of the corn crop. This lease was valid although not in writing, since it did not exceed a year in duration, and under it the tenant's right to the hay was unassailable.

In undertaking to convey the land free from encumbrance Barnes made himself liable for damages arising from the existence of the lease. The use of the property appears to have had no value except in connection with the crops, and as to them the measure of damage was their value at the time. Of course in strictness Chase had nothing to do with the crops or with the tenant. He simply had a personal claim against his grantor. In electing to accept the landlord's share of the corn he stepped into the shoes of Barnes so far as that particular crop was concerned. He must also be deemed by that act to have ratified the terms of the lease with regard to the amount of the rent, but he did not waive the right to insist that it should be paid to him. He did not so fully substitute himself for Barnes as to be compelled to treat payments of rent made in advance to Barnes as though made to himself. He was still entitled to demand that Barnes should account to him for the $100. But he had no right to expect more than this. The lease being an

entirety, the cash payment apportioned to the hay may have been fixed with reference to the proportion agreed upon as the landlord's share of the corn, and Chase, having taken the advantage accruing from one part of the agreement, should in fairness abide by its terms as a whole, although the rest of it operated to his disadvantage.

For these reasons the judgment should be reduced to $100 and interest. As so modified it will do substantial justice between the parties upon the facts. It is therefore unnecessary to inquire whether the plaintiff's petition was framed so as to present with technical accuracy the grounds of his recovery, or whether it was subject to the motion that was directed against it, since the defendant was in no way misled or cut off from a full presentation of his side of the controversy. (Code 1909, § 581.)

The judgment is affirmed with the modification indicated.