### FEE-CRAYTON HARDWOOD LUMBER COMPANY *v.* HOGAN.

#### Opinion delivered January 15, 1912.

1. EVIDENCE—PAROL EVIDENCE TO VARY WRITTEN CONTRACT.—It is error to admit testimony of an alleged parol agreement between the parties to a mortgage, made at the time of its execution, that the notes secured by it should be payable in lumber. (Page 105.)

2. APPEAL AND ERROR—HARMLESS ERROR.—The admission of incompetent evidence will not be ground for reversal where it appears that it was not prejudicial. (Page 105.)

3. SAME—NECESSITY OF OBJECTION TO EVIDENCE.—The error of admitting evidence will not be considered on appeal where no objection was taken to its introduction. (Page 105.)

4. ACCOUNT STATED—CONCLUSIVENESS.—Where a party never furnished an itemized account of debts and credits, but merely furnished to the adverse party memoranda of credits from time to time as they were applied, there was no account stated, and the adverse party could claim additional credits. (Page 105.)

Appeal from Jackson Circuit Court; *R.E. Jeffery*, Judge; affirmed.

*Jones & Campbell* and *John W. Newman*, for appellant.

1. It was error to admit incompetent testimony that the notes were payable in lumber, when they called for dollars. 20 Ark. 293; 1 Gr. Ev. § 275; 13 Ark. 593; 24 *Id.* 210; 67 Ark. 62; 65 *Id.* 333; 66 *Id.* 393; 73 *Id.* 431; 69 *Id.* 406; 71 *Id.* 185; 94 *Id.* 130.

2. It was error to admit testimony as to the value of the lumber when the contract price was fixed and claimed. 52 Ark. 117; 43 S. W. 27.

3. Unliquidated claims can not be considered as payment or set-off. 20 Ark. 293; 19 *Id.* 230; 64 *Id.* 551; 129 S. W. 1081-3; 30 Ark. 50; 54 *Id.* 187; 15 S. W. 463.

4. There was an account stated. 80 Ark. 438; 29 L. R. A. (N. S.) 334; 12 Pet. (U. S.) 300; 13 Ark. 609; 64 *Id.* 39, 52.

*Campbell & Suits,* for appellee.

1. The testimony complained of did not contradict nor vary the written contract. 75 Ark. 89. But the testimony was immaterial.

2. There is no question as to an account stated involved. 82 Ark. 555; 95 *Id.* 93.

3. No prejudicial error is shown, and the proof fails to sustain the complaint.

McCULLOCH, C. J. The plaintiff, Fee-Crayton Hardwood Lumber Company, instituted this action in the circuit court of Jackson County against the defendant, B. F. Hogan, to recover possession of mortgaged personal property for the purpose of foreclosing the mortgage lien under the power therein contained. The amount of the mortgage debt is set forth in the complaint, and the prayer thereof is for recovery of the property and for judgment for the amount of the debt. The defendant answered, setting forth two defenses, namely, that the debt had been paid, and also that the plaintiff had failed to furnish a verified account of the mortgage debt before attempting to foreclose. The trial before a jury resulted in a verdict in defendant's favor, and the plaintiff appealed.

There was a conflict in the testimony as to the amount of credits wh ch should have been placed on the mortgage debt, but no dispute as to the fact that plaintiff had not furnished defendant an itemized account of the amount claimed. The court instructed the jury to the effect that, if any part of the mortgage debt remained unpaid, the verdict should be for the plaintiff for whatever was found due, even though no statement of account had been furnished, and that if there was a balance due on the mortgage debt and the defendant had attempted to dispose of the mortgaged property, then the verdict should be for the plaintiff for the amount due and also for the possession of the property. The jury having found that nothing was due under the mortgage debt, the question whether an itemized account should have been furnished in accordance

with the terms of the statute is eliminated from the case and need not be further discussed. The plaintiff adduced testimony tending to show that there was a balance of $342.39, exclusive of interest, due on the mortgage debt. On the other hand, the defendant testified that he had delivered to plaintiff lumber and manufactured articles, and also a lot of standing timber which he sold to plaintiff, the price of which aggregated the sum of $592.00, which, if credited on the mortgage debt, was more than sufficient to extinguish it. Among those items was one of $400.00 for the price of the tract of timber land, owned by the defendant, which he stated he sold and delivered to plaintiff, and that the latter accepted it as a payment on the mortgage debt and cut the timber, or at least a considerable portion of it.

It is contended that the court erred in permitting the defendant to testify concerning an alleged oral agreement between the parties, at the time of the execution of the mortgage, that the notes should be payable in lumber. It must be conceded that this testimony was erroneous, but we are of the opinion that the court eliminated the error by instructing the jury that no credit should be allowed for the price of timber or lumber except such as had been accepted by the plaintiff in settlement of the debt. It is apparent from a perusal of the record that the only controversy in the case submitted to the jury was, whether or not the defendant was entitled to certain credits which he claimed. As to the items of credit claimed by defendant, there was a sharp conflict in the testimony, and the jury settled that conflict in defendant's favor. We are, therefore, unable to see that any prejudice resulted to plaintiff from admitting the incompetent evidence above referred to.

It is also argued that the court erred in allowing defendant to state in his testimony that the timber taken by plaintiff from the land was worth six or seven hundred dollars. This testimony was not objected to, and its introduction can not be assigned as error. Moreover, the court, as above stated, charged the jury that they should not allow any credits except for timber that had been accepted under the settlement, which, of course, could only refer to the $400.00 purchase price.

Plaintiff's witnesses testified that from time to time they sent credit memoranda to defendant on the receipt of each

shipment of lumber which was accepted as a credit on the debt, and it is contended that these became an account stated. No instructions were asked or given on the question of an account stated, and we do not think that the undisputed evidence shows that there was an account stated which precluded the defendant from questioning, in this action, the correctness of the credits on the notes. Defendant disputed some of the items which are now claimed to be incorrect; and, even if he was bound by the correctness of the items of credit of which a memorandum was furnished to him, that would not preclude him from claiming a credit for the $400.00, the price of the standing timber. It is not claimed that plaintiff had ever furnished an itemized account showing all the debits and credits which could become an account stated as to the whole indebtedness and credits. It is only claimed that memoranda of the credits were furnished him from time to time as they were applied when lumber was shipped in.

Upon the whole case, it appears to us that the verdict of the jury is against the preponderance of the evidence, but we can not say that the evidence is not legally sufficient to support the verdict, and as there was no prejudicial error committed we are not at liberty to disturb the verdict.

The judgment is therefore affirmed.