## SMITH *v.* McLAUGHLIN.

### Opinion delivered October 18, 1915.

BILLS AND NOTES—NOTE AND MORTGAGE—PAROL EVIDENCE TO CONTRADICT.—
A note given to secure a mortgage, which was duly recorded, was an unconditional and absolute promise to pay a definite sum of money at a given time, and in the absence of any allegation of fraud practiced in procuring the execution of the note, or mistake made as to its provisions at the time of its execution, parol proof cannot be received to vary or contradict its terms.

Appeal from Carroll Chancery Court; *T. H. Humphreys,* Chancellor; reversed.

#### STATEMENT BY THE COURT.

Appellant brought suit to recover judgment for the amount of a note executed to his order by appellee, and to foreclose a mortgage given to secure this note. The note and mortgage were filed as exhibits to the complaint.

Appellee answered, admitting the execution of the note, but alleged that there was an understanding at the time of its execution, between himself and appellant, that he was not to be bound personally by such note but that appellant was to look solely to the mortgage for the collection of the debt, and pursuant to such understanding the note and mortgage were executed. Appellee, in detailing the facts upon which this understanding was had, alleged that he traded for a house in Eureka Springs subject to a mortgage for $1,250 held by appellant, and that shortly after this indebtedness became due appellee paid appellant $250, and executed his own note for a thousand dollars and gave the mortgage sought to be foreclosed but with the understanding that the property alone should be looked to for the payment of this note.

Appellant filed a demurrer to this answer, whereupon the cause was submitted on the pleadings, no proof being offered on the part of appellee. The proof on the part of appellant consisted of the original note and mortgage, which had been made exhibits to the complaint. The court proceeded to try the issues, and after ascer-

taining the amount due on the note entered a decree of foreclosure upon the mortgage for the satisfaction of the debt and costs. Appellant moved for a judgment *in personam* against appellee, which motion was denied by the court, and this appeal has been duly prosecuted from that decree.

*Festus O. Butt,* for appellant.

Appellee's answer presents no defense to the action. The presumption of law is that when reduced to writing, the written instrument embraced and expressed all preceding understandings and agreements relating to the subject-matter of the contract. The note signed was an unequivocal and unconditional promise to pay a definite sum of money at a stated time. Parol evidence was not admissible or competent to vary or contradict its terms. 63 Pac. 130; 116 Ga. 60; 119 Ga. 186; 173 Mass. 286; 39 Mass. 231; 184 Mass. 307; 108 Ia. 701; 134 Mass. 343; 115 Mich. 156; 201 Pa. 314; 23 Utah 233; 19 Ark. 690. Nor to contradict or vary whatever the law implies from the contract. 12 Wash. 233; 88 Ia. 169. Nor to vary the clear and settled legal meaning of a contract. 48 Vt. 322; 59 Cal. 183; 70 Cal. 296; 101 Ga. 39; 63 Ind. 412; 51 Ind. 426; 104 U. S. 30; 9 Wheat. 587.

When one signs a contract he intends to sign, without any mistake as to the facts, but in law incurs a greater liability than he expected to incur, or is represented to exist, he is, nevertheless, bound by the contract. 33 Ill. 238; 8 Blackf. 144; 38 Ala. 637; 91 U. S. 45.

*C. A. Fuller,* for appellee.

Appellant's contention that parol testimony is never admissible to contradict the terms of a note, even as to the note or interest and the liability of the maker, is not true in many cases, as, for instance, this court has held that "a note containing a promise to pay interest at the highest legal rate is rendered usurious by a contemporaneous verbal agreement that the maker shall pay twice the rate of interest in the note." 62 Ark. 92.

It is also held that parol evidence may be admitted, not to vary or contradict a written instrument, to show other oral contracts which, if shown, would prevent a recovery. 71 Ark. 408. See also 76 Ark. 140.

While the answer does not in terms allege fraud, yet the state of facts alleged would amount to fraud upon appellee, if appellant were permitted to ignore the agreement and use his written agreement for the purpose of obtaining a personal judgment against appellee. The answer being true, which the demurrer admits, it shows, at the least, that there was no meeting of the minds of the parties, and parol evidence is admissible. 87 Ark. 615; 9 Enc. of Ev. 334, 335, 337.

Where an independent parol agreement has been made as an inducement to the making of a written contract, the former may be proved and enforced, though not referred to in the latter. 104 S. W. (Tex.) 1074.

SMITH, J., (after stating the facts). We think the demurrer to the answer should have been sustained. The execution of the note and mortgage is admitted, but the answer contains no allegation that there was any misunderstanding of what these instruments purported to be, nor that appellee was unacquainted with their contents, nor that any fraud was practiced upon him in procuring his signature. The substance of the defense is that, at the time of the execution of these instruments, there was an understanding which contravened the purport and tenor of the recitals of the note and mortgage. The note is an unconditional and absolute promise to pay a definite sum of money at a given time, and in the absence of any allegation of fraud practiced in procuring the execution of the note, or mistake made as to its provisions at the time of its execution, parol proof cannot be received to vary or contradict its terms. *Joyner* v. *Turner,* 19 Ark. 690; *Martin* v. *Cole,* 104 U. S. 30; *Upton* v. *Tribilcock,* 91 U. S. 45; *Casteel* v. *Walker,* 40 Ark. 117; *Cox* v. *Smith,* 99 Ark. 218; *Delaney* v. *Jackson,* 95 Ark. 131; *Bradley*

*Gin Co.* v. *Means,* 94 Ark. 130; *Soudan Planting Co.* v. *Stevenson,* 83 Ark. 163.

The decree will, therefore, be reversed and the cause remanded with directions to sustain the demurrer to the answer.