PAGE *v.* OATES.

4-4787

Opinion delivered November 1, 1937.

*A. W. Page* and *Kerby & Kerby,* for appellant.

*G. B. Colvin,* for appellee.

McHANEY, J. Appellant brought this action against appellee on a promissory note given for a carload of fertilizer, in the sum of $939.51, dated March 24, 1930, due and payable October 1, 1930, bearing interest at 8 per cent. from May 1st until maturity, and thereafter at 10 per cent. per annum until paid. This note was credited with $107 on October 16, 1930, and it is conceded that it should be credited as of its date with the further sum of $27.10, which was the amount of shortage of weight of fertilizer, and with the further sum of $4.80 as interest, paid on the .......... day of ................. Appellee defended on the ground that, although he executed the note sued upon, at that time there was an understanding and agreement between them that the defendant would sell said carload of fertilizer on credit to persons needing the same, and that settlement for such sales would be made by notes of the purchasers made payable to appellant,

and that he was to accept said notes and credit same on the note given by appellee to appellant; and that he delivered to appellant notes aggregating the sum of $927.75, with the understanding that said notes were to be accepted by appellant in full settlement of the note sued on in this action. Trial resulted in a verdict and judgment in favor of appellee, and the case is here on appeal.

. We are of the opinion that the court erred in not directing a verdict for appellant at his request. The contract between the parties is in writing and consists of appellant's letter to appellee under date of March 24, 1930, his reply thereto, dated March 26, 1930, and the note itself. On March 24, 1930, appellant wrote appellee the following letter:

"We inclose herewith invoice covering shipment of carload of fertilizer to you under date of March 18, amounting to the total sum of $939.51.

"The company insisted upon my accepting responsibility for this shipment, and I have agreed to do so. So, I inclose also, a note for the amount of the invoice, drawn in my favor, due on October 1, with interest at 8 per cent. from May 1, 1930. Please sign and return this note to me at once.

"It is my understanding that you will dispose of most if not all of this shipment for cash, and I hope that you will do so, and will forward the amount received to me, for credit on this note. Of course, the note is not due until October 1, but by sending in the cash you will have the advantage of the discount of 9 per cent. if sent in before April 10, and 8 per cent. if cash is sent before May 10.

"All remittances on this shipment should be sent direct to me at Little Rock."

Appellee replied under date of March 26, as follows:

"I received your letter, the note inclosed and also have received the car of fertilizer which is on the track and will be unloaded today.

"I note that you understand that this will be sold for cash or mostly so, will say that I sure would hope so but if I have stated such a fact I am not aware of same.

"I told your brother Mr. Page that there would not be a great deal of fertilizer business here this season as people were unable to pay the cash for same and I understood that the fertilizer people were hesitating about making fall terms on their goods owing to the poor collections last season.

"I doubt very seriously if it would be possible to sell enough to pay the freight of $150.28 and as per contract I am entitled to 9 per cent. discount on this amount which you have not credited on invoice, but I suppose you will attend to this later, and if it is not credited I shall call your attention to it later.

"Let me say tho Mr. Page as you have become responsible to the company for this shipment I will sign the note and take only farmers who have paid their notes in the past or those whom I know can pay when their cotton is gathered in the fall and as stated to you in the letter I shall become directly responsible to you for this carload of goods and will deliver all farmers notes to you which you may attach to my note as collateral.

"Will say further that I have sent 5 tons to my own place to two of my croppers, and they are unable to pay for it now but my one-fourth rent will be responsible as well as their crops for this amount and there is a list of other good men who have always paid the Floyd Plant Food Co. that are unable to pay cash for their fertilizer that I think will sell but if possible I will sell it for cash.

"I appreciate your position in this matter and know that you do not want to lose any money and neither do I, and I shall strive to sell only to men who I think will pay and will not try to sell more than this one car for you this season. * * *

"Thanking you very kindly for your interest in this matter and assuring you that I shall take care of the matter as tho it was a banker's note and I will also send in the farmers notes to you as stated above."

These letters together with the note very clearly and definitely constitute the contract which is in writing and under the very elemental rule of law that a written contract cannot be varied by parol testimony, the court should have directed a verdict for appellant. All of the

testimony given by appellee which tended to show his defense as above stated was in direct contradiction to this contract and should have been excluded upon appellant's objections.

The judgment will be reversed, and judgment will be rendered here for the balance due on the note with interest according to its terms. It is so ordered.