ATKINS *v.* GARNER, *et al.*

5-150                                        261 S. W. 2d 266

Opinion delivered October 12, 1953.

*Gaughan, McClellan & Gaughan* and *Walter H. Laney,* for appellant.

*J. Bruce Streett,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellant to enforce two promissory notes executed by the two appellees. There was a verdict for the defendants. The question before us is whether the trial court erred in permitting the defendants to offer proof of a contemporaneous oral agreement that is said to violate the parol evidence rule.

In March of 1948 the plaintiff, a dealer in used cars, sold to the defendants some forty vehicles that had little value except as scrap. The purchasers paid $100 in cash and gave a note for the balance of $5,000. Later on the plaintiff sold another lot of old cars to the defendants and received the other note sued upon, in the amount of $600. In form both notes are negotiable, payable in monthly installments of $100 and $50 respectively.

As their first defense the appellees pleaded, and were allowed to prove, an oral agreement that they were not to be personally liable on the notes. According to their testimony the notes were to be paid only from the proceeds derived from the resale of the cars as junk or salvage. A second defense is that the arrangement was terminated in the latter part of 1948, the plaintiff accepting the unsold cars in satisfaction of the unpaid balance now in dispute.

On the evidence the court was right in submitting the second defense to the jury, but the first defense should

have been rejected. The parol agreement relied upon, even if made, was ineffective as a matter of substantive law. In similar cases in the past the makers of promissory notes have offered to show by oral evidence that the obligation was to be payable only from certain property, *Smith* v. *McLaughlin,* 120 Ark. 366, 179 S. W. 496, or from notes given by purchasers to whom the property was resold, *Page* v. *Oates,* 194 Ark. 809, 109 S. W. 2d 661, or in lumber or merchandise instead of in money. *Fee-Crayton Hardwood Lbr. Co.* v. *Hogan,* 102 Ark. 103, 143 S. W. 585; *Harmon* v. *Harmon,* 131 Ark. 501, 199 S. W. 553. We have consistently adhered to the principle that such testimony is forbidden by the parol evidence rule.

The appellees cite no Arkansas case to the contrary, but they suggest that the rule with respect to negotiable paper has been changed by § 16 of the Negotiable Instruments Law. Ark. Stats. 1947, § 68-116. That section provides that as between the original parties to the instrument "the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." This language, however, merely restates the preëxisting rule by which an obligor may show that the operative effect of the entire instrument is subject to a condition precedent. Wigmore on Evidence, §§ 2408 and 2444; Rest., Contracts, § 241; *Graham* v. *Remmel,* 76 Ark. 140, 88 S. W. 899. The case at bar does not involve an attempt by the appellees to show that the appellant acquired no property in the notes; their effort is rather to prove by parol that the unconditional written obligation was qualified by a contradicting oral agreement made at the same time. But it has traditionally been a characteristic of negotiable instruments that they are not to be encumbered by collateral conditions, and this statute was certainly not intended to put negotiable paper in a worse position than that held by ordinary contracts.

Reversed and remanded for a new trial.