FIDELITY & CASUALTY COMPANY OF NEW YORK *v.* FAYETTEVILLE

WAGON, WOOD & LUMBER COMPANY.

Opinion delivered February 14, 1910.

INSURANCE—CONSTRUCTION OF POLICY.—When a policy of casualty insurance was ambiguous on its face, resort may be had to the applications which constituted a part of the contract to explain what the policy meant.

Appeal from Washington Circuit Court; *Joseph S. Maples,* Judge; affirmed.

*Nathan B. Williams,* for appellant.

*E. B. Wall,* for appellee.

McCULLOCH, C. J.    This is an action to recover a balance alleged to be due as per contract for premiums on a series of liability policies issued by appellant to appellee. The premium was based on the total wage roll of appellee paid to employees covered by the policies. The clauses of the policies which bear on the question at issue read as follows:

"C.    Premium is based on the compensation to employees to be expended by the assured during the period of this policy. Whenever employees are compensated in whole or in part by store certificates, board, merchandise, credits or any other substitute for cash, the amount of compensation covered by such substitutes shall be included in the pay-roll. If the compensation actually paid exceeds the sum stated in the schedule hereinafter given, the assured shall pay the additional premium earned; if less than the sum stated, the company will return to the assured the unearned premium *pro rata;* but the company shall first retain not less than $25, it being understood and agreed that this sum shall be the minimum earned premium under this policy.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

"E.    The company shall have the right and opportunity at all reasonable times to examine the books of the assured, so far as they relate to the compensation paid to his employees, and the assured shall, whenever requested, furnish the company with a written statement of the amount of such compensation during any part of the policy period under oath if required.

\* \* \* \* \* \* · \* \* \* \* \* \* \* \* \*

"G. In any matter relating to this insurance no person, unless duly authorized in writing, shall be deemed the agent of this company.

"H. The statements contained in the schedule hereinafter given are hereby made a part of this contract, which statements the assured makes on the acceptance of this policy and warrants to be true, saving as to matters which are declared to be matters of estimate only.

### "SCHEDULE.

"12. The estimated pay-roll covers the wages of all persons employed on the premises including executive officers, office men, piece workers and drivers and driver's helpers, except as follows: President, vice-president, secretary, treasurer, office men, drivers and helpers."

The daily reports made by appellee to appellant, which served as applications and were parts of the contract, specified that the employees insured were "engineer, firemen, sawyers, laborers, superintendent and night-watchman," and there was evidence to the effect that these were all shop men. The point at issue in the case was whether or not the policies included yard men. The appellant asked for a peremptory instruction in its favor, which the court refused to give, and this refusal is assigned as error.

The case was submitted to the jury, and a verdict in appellee's favor was returned. We think that, upon a proper construction of the contract and upon the evidence, this verdict was correct. The insured employees specified in the schedule included only "executive officers, office men, piece workers, and drivers and drivers' helpers," except "president, vice-president, secretary, treasurer, office men, drivers and helpers." The most that can be said in appellant's favor is that the language of the contract is ambiguous, and we have a right to look to the daily reports and applications as parts of the contract, which show that only the "engineer, firemen, sawyers, laborers, superintendent and night-watchman" were insured, and the evidence, which shows that this meant shop men and not yard men. This construction disposes of the case.

Judgment affirmed.