NEW AMSTERDAM CASUALTY COMPANY v. UNION SAWMILL COMPANY.

Opinion delivered May 16, 1910.

INSURANCE—EMPLOYERS' INDEMNITY POLICY—EVIDENCE.—Where an indemnity policy insured an employer against liability on certain classes of employees, it was admissible to prove by parol evidence who were on the assured's payrolls in the classes named.

Appeal from Union Circuit Court; *George W. Hays*, Judge; affirmed.

### STATEMENT BY THE COURT.

The plaintiff, appellant, sued the defendant, appellee, for $254.62. The basis of the suit is a claim on the part of appellant that the appellee did not pay the full amount of premium on a certain policy of insurance known as "employers' liability," issued April 14, 1904, expiring one year thereafter.

This policy of insurance protects against liability on account of accident to certain employees. The protection is limited to $5,000 for one person and $10,000 for one accident. The rate of insurance was fifty-five cents per $100, based on the payroll of the employees protected. When the policy was taken out, the payroll was estimated at $125,000, and the premium, $687.50, was paid.

On March 21, 1905, the payroll was made up covering the time the policy was in force, and it showed $135,749.20. This was a little more than $10,000 in excess of the estimated payroll. The appellee accordingly sent to appellant the sum of $59.12 to cover the amount of the additional premium due appellant as shown by the actual amount of the payroll. This additional amount of premium was accepted by appellant at the time it was sent. Later an agent of appellant examined the books of appellee and also the books of the Little Rock

& Monroe Railway Company, and found that the payroll of the railway company amounted to the sum of $27,203.46, and that the books showed the payroll for the appellee to amount to the sum of $146,507.57, and that the salaries of the executive officers and doctors amounted to the sum of $8,334.20. The appellant accordingly demanded an additional premium for the increased amount of the payroll, as ascertained through its agent by and through the sources mentioned. The amount of the additional premium claimed was the sum in controversy here, $254.62.

The schedule or application which was a part of the policy showed that the policy covered liability on "all persons on pay-rolls of assured engaged as follows: sawmill, planing mill, lumber yard, including dry kiln, shop and machine men, stackers, truckers, teamsters, drivers' helpers, carpenters, water boys, construction and repair work, logging operations, section work, including wrecking and tearing down of trestles, construction and extension work, logging railroad."

On October 13, 1904, the appellant and appellee entered into an agreement, which was attached to and made part of the policy. The agreement was as follows:

"New York City, N. Y., October 13, 1904.

"It is understood and agreed that from noon this date this insurance shall cover only the Union Sawmill Company, a corporation, and ceases to cover Little Rock & Monroe Railway Company, and it is further understood and agreed that said Union Sawmill Company does not operate a logging railroad, and that this insurance will not cover accidents caused by or occurring in connection with the operation of any logging railroad whatsoever, nor the construction nor repair work on any such railroad, nor section work, nor wrecking and tearing down of trestles, nor construction, nor extension work of such railroad nor any branch thereof; subject otherwise, however, to all the conditions, agreements and limitations of the policy as written."

There was testimony on behalf of appellant tending to show that on May 15, 1905, its auditor audited the books of the appellee, and obtained a statement showing that the amount of wages from April 4, 1904, to March 5, 1905, was $182,045.17. The testimony of the auditor who obtained this statement was

not before the court, but a witness on behalf of appellee, who was present when the statement was made up, shows that the above amount embraced the payroll of the Little Rock & Monroe Railroad Company, amounting to $27,203.46, and the payroll of the appellee, amounting to $146,507, and that included in this latter amount were the wages paid the employees of two hotels that were run by appellee during the time. A further sum, included to make up the total of $182,045.17, was the salary paid the executive officers of the appellee, amounting to $8,334.20. The witness (Fish) who testified to the above further testified that he helped to make the statement sent by the Union Sawmill Company (appellee) to plaintiff (appellant) on which the last additional premium of $59.60 was paid, and that it showed all the employees covered by the policy. There was also testimony on behalf of appellee tending to prove that the Little Rock & Monroe Railroad was not a logging road, had nothing to do with the logging, that the employees engaged in building spur tracks for the logging operations were included in the report made by appellee, that the logging account for building logging railroad was carried by appellee on its books. The appellant presented the following prayer:

"Parol evidence is not admissible to contradict, vary or change the terms of a written contract, nor can a contract rest partly in parol and partly in writing. Parol evidence is inadmissible to contradict the provisions of a policy of insurance; and if the testimony in this case shows that the defendant entered into a written contract with the plaintiff whereby plaintiff agreed to indemnify defendant against the loss for its common-law or statutory liability for damages on account of bodily injury, fatal or non-fatal, accidentally suffered within one year from the date thereof by any employee or employees of the defendant, the Union Sawmill Company and the Little Rock & Monroe Railway Company, while on duty at the places and in the occupations mentioned in the schedule thereto attached, and that the defendant agreed to pay to the plaintiff therefor the sum of fifty-five cents for each one hundred dollars of wages paid by defendant to its employees as aforesaid during the life of said policy of indemnity, said amounts to be determined by payrolls afterwards made by defendant and fur-

nished to plaintiff, and that the payrolls so furnished by defendant to plaintiff show that during the life of said policy of indemnity the same amounted to $1,001.24, and that the same has not been paid, then that judgment should be given for the plaintiff for this amount, less any amounts the proof may show has been paid thereon."

The court refused the prayer, and rendered judgment in favor of appellee against appellant for costs. This appeal has been duly prosecuted.

*R. G. Harper,* for appellant.

*Gaughan & Sifford,* for appellee.

WOOD, J., (after stating the facts). The court did not err in refusing the prayer and in rendering judgment in favor of appellee for costs. The parol testimony did not contradict or alter the terms of the written contract. It only tended to prove who were on the payrolls of the assured engaged in the special work or occupation named in the schedule. Those engaged in these special occupations enumerated in the schedule were covered by the policy. None others were. The amount of the premiums to be paid had to be determined by the amount of the payrolls to employees engaged in the special occupations named in the schedule. The evidence showed that during the time the policy insured both appellee and the Little Rock & Monroe Railway Company appellee carried all the accounts for "logging operations," and "logging railroad" on its own payroll, and that the Little Rock & Monroe Railway Company was not a "logging railroad" or engaged in "logging operations." Nor is it anywhere shown that the employees of the Little Rock & Monroe Railway Company, during the time it was insured, were engaged in any of the special occupations named in the schedule. Therefore the payroll of the Little Rock & Monroe Railway Company could not be included in ascertaining the amount of the premium to be paid. Nor could the amounts paid the employees of appellee in their hotel business nor the amounts paid by appellee in salaries to its executive officers. For none of these are named in the schedule, and they are therefore not covered by the policy.

The proof shows that the statement rendered by appellee to appellant showing the amount of its payroll, upon which

the amount of premium was based, included every employee engaged in the particular work or occupation specified in the schedule and covered by the policy. The amount of this pay-roll was $135,749.20, and the payment of premium was made according to this amount. No other amount is due. See *Fidelity & Casualty Company of New York* v. *Fayetteville Wagon Wood & Lumber Company,* 94 Ark. 90.

Affirm.