LYBRAND *v.* WATKINS HARDWARE COMPANY.

Opinion delivered April 24, 1922.

1. EVIDENCE—VARYING WRITTEN CONTRACT BY PAROL.—In an action on account against a partnership, where the written articles of partnership expressly obligated the partnership to assume all liabilities and indebtedness owed by a former firm, parol evidence was inadmissible to prove that only such debts of the old partnership as were exhibited at the time were intended to be assumed by the new partnership.

2. TRIAL—DIRECTION OF VERDICT.—In an action on an account against a partnership, where the amount of the indebtedness was undisputed, it was not error to direct a verdict.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

*Norwood & Alley,* for appellant.

The itemized statement required by appellant at the time he entered into the contract makes clear the intention of the parties, and that he became liable only for such debts of the old firm as were there exhibited. The

agreement should be considered from the circumstances and viewpoint of the parties at the time. 90 Ark. 272; 113 *Id.* 174; *Wisconsin & Ark. Lumber Co.* v. *Fitzhugh,* 151 Ark. 81; 105 Ark. 421; 3 *Id.* 222; 63 *Id.* 63.

An incoming partner is not bound by the previous debts of the concern unless he makes himself so by express agreement. 49 Ark. 457; 77 Cal. 440; 64 Ga. 243; 101 Ill. App. 23; 27 Md. 645; 78 Va. 567; 107 N. Y. 260.

The testimony of appellant to the effect that he only assumed his part of the debts of the old firm mentioned in the exhibit to the contract was erroneously excluded. It was admissible to explain any apparent ambiguity or conflict raised by the eighth paragraph, and raised a jury question. 89 Ark. 368; 81 *Id.* 337.

*Minor Pipkin,* for appellee.

HART, J. The Watkins Hardware Company brought this suit in the circuit court against B. Hope and Early, Jones & Lybrand, a partnership composed of J. H. Early, J. E. Jones and L. H. Lybrand, to recover the sum of $1,524.43 for goods, wares and merchandise.

The firm of Early & Jones was the principal contractor for the construction of a highway in Polk County, Ark., and B. Hope was a subcontractor. The firm of Early & Jones, by a contract in writing, made itself responsible to the Watkins Hardware Company for the account of B. Hope. The latter purchased hardware from the Watkins Hardware Company to the amount of $1,524.43, which was due and unpaid at the time this suit was brought. Subsequently $1,216.61 was paid on the account, leaving a balance due at the time of the trial of the case of $307.88.

On the 12th day of October, 1920, J. H. Early and J. E. Jones entered into a contract with L. H. Lybrand whereby he became a member of the firm and interested in the construction of the road to be improved by the firm in Polk County, Ark. The written contract, after reciting that Lybrand had purchased a one-third interest in the firm and in the aforementioned contract recites

that Lybrand assumes "a one-third of the liabilities and indebtedness of said firm, and an itemized statement of all money, debts, mules and horses, machinery and tools and all other property owned by said firm, Early & Jones, up to date, hereto attached and made a part hereof," etc.

The contract of the firm with the road improvement district is attached to the contract of partnership and forms a part of it. Sec. 8 of the partnership contract reads as follows: "It is further agreed and understood by the parties hereto that all machinery, tools, horses and mules, money and chattels, and liabilities incurred and indebtedness owed under the former firm of Early & Jones is hereby assumed jointly by the firm of Early, Jones & Lybrand."

The defendant, Lybrand, offered to introduce in evidence a list of the debts owed by Early & Jones at the time he was received into the partnership and to testify that he only contracted to pay the indebtedness of the old firm which was exhibited to him at that time.

The court sustained an objection to this testimony offered by the defendant and directed the jury to return a verdict for the plaintiff.

L. H. Lybrand was the only member of the firm served with summons, and judgment was rendered against him in favor of the plaintiff in the sum of $307.80. To reverse that judgment, Lybrand has duly prosecuted an appeal to this court.

Lybrand seeks to reverse the judgment on the ground that he was only liable for the debts of the firm of Early & Jones which were exhibited to him at the time he entered into the contract of partnership with them, and that it was competent to prove by parol evidence that the debt sued on was not included in the list of debts of the firm so exhibited to him.

We can not agree with the defendant in his contention. The first clause of the contract which is recited above shows that Lybrand assumed one-third of the lia-

bilities and indebtedness of the firm of Early & Jones. It is true that the contract refers to a statement of all the money, debts, machinery, tools and all other property owned by the firm. This, however, does not mean the debts owed by the firm, but it means the debts that were due the firm. This is shown by the eighth clause of the contract which is copied above. It in plain terms provides that all the property of the firm is to be owned jointly and that all the indebtedness and liabilities of the former firm of Early & Jones was assumed by the firm of Early, Jones & Lybrand. The contract was complete in itself. It includes everything necessary to make a complete contract and there is nothing in its terms to indicate that it was not intended to express the whole agreement between the parties.

Therefore, the court properly held that all prior negotiations leading up to the written contract were merged therein and that the written contract could not be varied or modified by parol evidence. *Goodwin* v. *Baker,* 129 Ark. 513; *Armstrong* v. *Union Trust Co.,* 113 Ark. 509; *Cherokee Const. Co.* v. *Prairie Creek C. M. Co.,* 102 Ark. 428; and *Zearing* v. *Crawford, McGregor & Camby Co.,* 102 Ark. 575.

The list of indebtedness which Early & Jones exhibited to Lybrand was only a matter of inducement for the latter to enter into the contract of partnership. It was only one of the matters in the course of negotiation and did not form a part of the contract of partnership itself. Therefore, the court properly held that the plain import of the language used in the written agreement could not be varied by parol evidence. The amount of indebtedness was undisputed, and the court properly directed the jury to return a verdict in favor of the plaintiff against the defendant, Lybrand, for that amount.

Therefore, the judgment will be affirmed.