FITZER *v.* FITZER.

VENDOR AND PURCHASER.—COVENANT.—A parol agreement by the vendee to pay taxes which are a lien upon the land, as a part of the consideration of the conveyance, is a good defense to an action on the covenants of the deed.

APPEAL from the *Cass* Circuit Court.

FRAZER, J.—This case originated before a justice, and the amount involved, exclusive of costs, is $50 38. It was a suit for covenant broken, to recover the amount of taxes paid by the plaintiff upon real estate conveyed by the defendant to the plaintiff, being a lien on the land at the time of the conveyance. The defense was that the plaintiff, in part consideration for the conveyance, agreed by parol to pay the taxes. The evidence was sufficient to establish the truth of the defense, and the jury found accordingly. It was long since held, in this State, that such a defense can be made. *Allen* v. *Lee*, 1 Ind. 58. Though this doctrine is questioned elsewhere, and indeed the very opposite is held in many of the states, yet in *Pitman* v. *Conner*, 27 Ind. 337, where we were urged to reconsider it, we regarded it as a rule of property, so long established in this State that

it ought not now to be disturbed. Indeed, I am very well satisfied that it rests upon sound principle, and if the question were an open one, I would not hesitate to decide it the same way. If the defendant had placed money in the plaintiff's hands to pay the taxes, no one would suppose that an action of covenant could be successful. What is the difference, when so much of the price of the land is left in his hands for the same purpose? In either case, the payment is merely the performance of a valid parol contract, and no court should hesitate so to regard it. To do so is, in my opinion, trifling with justice by the use of technical rules where they have no proper application.

The judgment is affirmed, with costs.

*D. D. Dykeman* and *H. C. Thornton*, for appellant.

*D. D. Pratt* and *D. P. Baldwin*, for appellee.