ADONIRAM J. DEARBORN vs. MARY A. MORSE.

*Covenant. Deed — additional consideration provable by parol. Evidence.*

In the trial of an action of covenant broken by the grantee against the grantor
of real estate, to recover the amount of an outstanding tax which the former
was compelled to pay to prevent a sale of the premises, it is competent for
the grantor to prove that prior to and at the time of the conveyance, the
grantee verbally agreed to pay the tax.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior
court for this county.

COVENANT broken to recover the amount which was paid by the
plaintiff to discharge the taxes for 1868, assessed on land conveyed
by the defendant to the plaintiff by her deed of warranty, dated
April 7, 1868.

It appeared that the defendant refused to pay the tax on demand
by the tax-gatherer, and that the plaintiff was compelled to pay
the same in order to prevent the premises from being sold therefor.

The defendant offered to prove that prior to and at the time of
the execution of the deed of the premises by the defendant, the
plaintiff verbally agreed to pay the taxes in question; but the tes-
timony was excluded by the presiding justice, who ruled, as matter
of law, that the plaintiff was entitled to recover the amount under
the covenants of the defendant's deed. And thereupon the plain-
tiff alleged exceptions.

*M. P. Frank*, for the plaintiff.

*S. L. Carleton*, for the defendant.

APPLETON, C. J. The defendant, by deed of warranty, con-
veyed to the plaintiff a tract of land incumbered by an outstanding
tax. The plaintiff, being compelled to pay the same for his own
protection, has brought an action on the covenants of warranty in
the deed to him.

The defendant offered to show that before and at the time of the making the deed, the plaintiff agreed to pay the taxes in question.

The offer was, in effect, to prove an additional consideration to that expressed in the deed. An agreement made by the grantee, at the time of the sale and conveyance of land, to pay a sum additional to that expressed in the deed is valid and binding. *Tyler* v. *Carleton*, 7 Greenl. 175; *Nickerson* v. *Saunders*, 36 Maine, 413. So where the purchaser of real estate, at the time of the conveyance, promised the seller to pay the taxes assessed thereon for the current year, and on being notified of the assessment, neglected to pay the same, and the seller, thereupon, himself paid the taxes; the latter was held to be entitled to recover the amount so paid without a previous demand. *Brackett* v. *Evans*, 1 Cush. 79. As is well said by Metcalf, J., " a party who receives a grant of land, on his promise to pay for it, cannot avoid payment by showing that his promise was not in writing." It matters not whether this promise relates to a part or the whole of the consideration.

The amount of the taxes were a part of the consideration of the conveyance remaining in the plaintiff's hands to be specifically appropriated. They were so appropriated. Whether the defendant had paid the taxes with the money therefor received from the plaintiff, or the plaintiff paid them in pursuance of his contract, can make no difference. In either case, they were a part of the price of the land conveyed, and were, in fact, paid by the defendant.

The evidence offered should have been received.

*Exceptions sustained.*

Cutting, Kent, Walton, Dickerson, and Tapley, JJ., concurred.