BASS *v.* STARNES.

Opinion delivered May 26, 1913.

1. DEEDS—CONSIDERATION—PAROL EVIDENCE.—In an action for breach of covenants in a deed, it is admissible on the part of the defendant to show that the actual consideration was less than that expressed in the deed, for the purpose of diminishing the damages for breach of the covenant. (Page 360.)

2. DEEDS—EVIDENCE—BREACH OF COVENANTS OF WARRANTY—DAMAGES.— In a suit against a vendor of land for breach of covenants of warranty, evidence on the part of the vendor is admissible to show that the vendor told the vendee that there was an unexpired lease on the land conveyed, and that there was no rent to be paid on it, and that the vendee agreed to it, such facts being a part of the consideration in fixing the price of the land sold, and the evidence is admissible on the question of reduction of damages for breach of covenant of warranty. (Page 360.)

3. COVENANTS—COVENANT OF WARRANTY—BREACH—DAMAGES.—In the absence of special circumstances, the measure of damages for breach of covenant of warranty, when the encumbrance is an unexpired term or lease, is the fair rental value of the land to the expiration of the term. (Page 361.)

4. COVENANTS—BREACH—DAMAGES.—Nominal damages only are to be recovered for a merely technical breach of covenant against encumbrances. (Page 361.)

5. APPEAL AND ERROR—ERROR—WAIVER.—Where counsel urge no objections in their brief to instructions given by the court, any objections to them will be deemed waived. (Page 361.)

6. APPEAL AND ERROR—ORDER OF COURT—NOMINAL DAMAGES.—Where appellant is entitled to nominal damages only, the judgment will be reversed, but not remanded, and judgment will be entered in the Supreme Court for nominal damages and costs. (Page 362.)

Appeal from Clay Circuit Court, Western District; *W. J. Driver,* Judge; reversed.

STATEMENT BY THE COURT.

On the 14th day of December, 1910, Edgar Bass brought this suit in the circuit court against Noah Starnes and Edward Cleveland for the possession of a tract of land in Clay County, Arkansas. Before the trial of the case Starnes, who was in possession, had surrendered the land to Bass, who had purchased the same from Cleveland on the 6th day of January, 1909. The

action was tried at the April, 1912, term of the court, and was treated as an action against Cleveland for damages for breach of his covenant of warranty. The facts are substantially as follows:

On January 6, 1909, Edward Cleveland conveyed the land in question to Edgar Bass, and the consideration recited in the deed was $800.00 cash in hand paid. The deed contained the words "grant, bargain, sell and convey," and also the following clause, "and we do hereby covenant with the said Edgar Bass that we will forever warrant and defend the title to the land against all claims whatever." Plaintiff testified that the rental value of the land was six dollars per acre during the time he was kept out of possession.

Defendant introduced a lease from H. R. Weese to Noah Starnes, dated June 13, 1906. The lease was from the first day of January, 1906, to the first day of January, 1912, a period of six years. By the terms of the lease it was agreed that Starnes should take possession of the land and clear and put in cultivation as much as he might desire, and in payment therefor should have the crops grown on the place during the term of the lease. Starnes entered into possession of the land under the terms of the lease, and cleared and put into cultivation a portion of it.

Over the objection of the plaintiff, the defendant was also allowed to introduce evidence to the effect that he told Bass before he purchased the land that he could not move on it and have any benefits from it until the lease expired and that Bass agreed to this. There was a trial before a jury and a verdict for the defendant. From the judgment rendered the plaintiff has appealed.

*G. B. Oliver* and *F. G. Taylor,* for appellant.

The deed from Cleveland to Bass is plain, unambiguous and complete in its terms. Starnes' possession under the lease and appellant's knowledge thereof, in no wise affects appellant's right to recover for breach of the covenants of warranty in the deed. Cleveland's testimony to the effect that he told appellant that he

would get no possession of nor benefit from the land for three years was not admissible. 100 Ark. 365; 99 Ark. 218-223; 17 Cyc. 620 (D), and cases cited; 8 Am. & Eng. Enc. of L. 199 (2).

In an action for breach of covenants in a deed, evidence is admissible to show that the actual consideration was greater or less than that expressed in the deed for the purpose of increasing or diminishing the damages; but not for the purpose of defeating the deed or a recovery on the covenants. 71 Ark. 497; 54 Ark. 196; 144 S. W. 198.

*C. T. Bloodworth,* for appellees.

Under the lease, defendant Starnes was in possession of the land as tenant to Cleveland, and the testimony complained of is merely testimony showing a novation of the rent contract between Starnes and Cleveland, and appellant's agreement to accept Starnes as his tenant. The testimony was admissible to show the character of the possession. 2 Am. Enc. Ann. Cases, 1, and cases cited; 19 Ala. 722; 93 U. S. 379.

One who purchases land in possession of another, takes it subject to whatever right, title or interest he may possess. 76 Ark. 25. Courts will not limit themselves to the terms of a written contract in ascertaining the intention of the parties to it. 13 Ark. 112; 68 Ark. 326.

HART, J. (after stating the facts). In their brief counsel say that this appeal is prosecuted solely upon the theory that the court erred in admitting evidence to the effect that Cleveland told Bass when he purchased the land that he could not move on it and have any benefit from it until the lease had expired, and that Bass agreed to this. The deed in question contained a general covenant of warranty and the lease in question was a breach of that covenant. *Crawford* v. *McDonald,* 84 Ark. 415.

In the case of *Barnett* v. *Hughey,* 54 Ark. 195, in discussing the measure of damages in an action for breach of the covenant of warranty, the court said:

"In such actions, parol evidence is admissible, on the part of the plaintiff, to show that the actual consideration was greater than that expressed in the deed, for the purpose of increasing the damages, and, on the part of the defendant, to show that it was less, for the purpose of diminishing them; but not for the purpose of defeating the deed or a recovery on the covenants." Citing authorities.

Again, in the case of *Davis* v. *Jernigan,* 71 Ark. 494, the court said that "in actions for breach of covenants in the deed it is admissible, on the part of the plaintiff, to show that the actual consideration was greater than that expressed in the deed, for the purpose of increasing the damages, and on the part of the defendant to show that it was less, for the purpose of diminishing them; but not for the purpose of defeating the deed or a recovery on the covenants. Citing authorities.

In the case of *J. H. Magill Lumber Co.* v. *Lane-White Lumber Co.,* 90 Ark. 426, the court held:

"Though the recitals in a bill of sale can not be contradicted by parol evidence for the purpose of defeating such instrument, it is competent to prove by such evidence that the consideration has not been paid as recited, or to establish the fact that other considerations not recited in the deed were agreed to be paid, when such proof does not contradict the terms of the writing."

The vendor told the vendee that there was an unexpired lease on the land, and that there was no rent to be paid on it, and the vendee agreed to it. This fact then became a part of the consideration in fixing the price for which the land was to be sold.

Therefore, it will be seen that the testimony objected to was admissible on the question of the reduction of damages, and the court did not err in admitting it. Neither did the court err in refusing to give instruction numbered one, asked by the plaintiff, which is as follows:

"You are instructed to find for the plaintiff and against Cleveland for the amount of three years rent on the land in controversy, together with interest thereon

at 6 per cent from the time rent is ordinarily due to this date.''

It is true that ''where the incumbrance is an unexpired term or lease, the general rule, at least in the absence of any special circumstance, is that the measure of damages will be the fair rental value of the land to the expiration of the term. The underlying principle is that the damages should be estimated according to the real injury arising from the existence of the incumbrance, which, in the case supposed, is presumably and ordinarily the value of the use of the premises for the time during which the vendee has been deprived of such use.'' *Fritz* v. *Pusey* (Minn.), 18 N. W. 94; Rawle on Covenants for Title (5 ed.), sec. 191. See also case note 35, L. R. A. (N. S.), 799.

The vice of the instruction, however, is that it ignored the testimony of the defendant on the reduction of damages. Starnes had agreed to clear and put in cultivation as much of the land as he desired, and in consideration therefor was to have the land to the end of his term free from rent. Cleveland testified that he told Bass of the outstanding lease and that he could not have any benefit from the land until the expiration of the lease and Bass agreed to this. This evidence, as we have already seen, was competent to reduce the damages. It tended to show that the incumbrance had inflicted no actual injury upon the plaintiff and he was therefore, under the defendant's evidence, only entitled to nominal damages. The rule is that nominal damages only are to be recovered for a merely technical breach of covenant against incumbrances. Rawle on Covenants for Title, (5 ed.), sec. 188. See also *Chase* v. *Barnes,* (Kan.), 107 Pac. 769.

No objections have been urged by counsel in their brief to the instructions given by the court, and under our rules of practice any objections to them will be deemed to have been waived. Counsel in their brief specifically base their right to a reversal of the judgment upon the grounds which we have discussed.

Where a plaintiff is entitled to nominal damages only, the judgment will be reversed but the cause will not be remanded. In such cases judgment will be entered here for nominal damages and the costs. *Dilley v. Thomas,* 106 Ark. 274.

It follows that the judgment will be reversed and judgment will be entered here for the plaintiff for nominal damages and the cost of the appeal.