HARDAGE v. DURRETT.

Opinion delivered November 3, 1913.

DEEDS—COVENANTS—EXCEPTION—PAROL EVIDENCE.—Parol evidence is not admissible to show that a covenant against encumbrances was not intended by the parties to apply to a particular encumbrance, in the absence of a question of fraud or mistake, and when no exception to that effect is contained in the deed itself.

Appeal from Union Circuit Court; *George W. Hays,* Judge; reversed.

*Calloway & Huie* and *T. N. Wilson,* for appellant.

It is error to admit parol evidence to contradict, vary or materially affect the covenant against encumbrances in a deed conveying land, when same is offered for the purpose of defeating a recovery on the covenant. 54 Ark. 195; 10 Conn. 422; 60 Ia. 315; 14 N. W. 325; 6 Allen, 420 (Mass.) 15 Pick. 66 (Mass.); 8 Mass. 146; 83 Mich. 246; 47 N. W. 112; 10 L. R. A. 659; 5 Ohio St. 271; 2 Speers, 649; 42 Am. Dec. 391 (S. C.); 27 Vt. 739; 25 Am. Dec. 552 (N. Y.); 58 Am. Rep. 135; 6 Gray, 578 (Mass.); 50 Iowa, 286.

In a proper case, parol evidence may be admitted to show fraud, mutual mistake or ambiguity, but this is not the case here.

This court has held that parol evidence is admissible, under certain conditions, to prove the real consideration of a deed, but this character of evidence is never received to defeat the deed, and is the exception to the general rule. 11 Ark. 139; 14 Ark. 275; 18 Ark. 65; 54 Ark. 195; 55 Ark. 112; 62 Ark. 330; 71 Ark. 494; 75 Ark. 90; 99 Ark. 354.

When parties have put their agreement in writing in such terms as to import a legal obligation, without any ambiguity as to the object or extent of the agreement,

all oral testimony or conversations or declarations, before, or at the time of the execution of the contract, or afterward, should be rejected. 15 Ark. 543; 24 Ark. 210.

*Pat McNalley,* for appellee.

Parol evidence is admissible to show a collateral, contemporaneous agreement relating to the same subject-matter and forming a part of the consideration of a written contract and does not contravene the general rule on this subject. 17 Cyc. 653, and cases.

A parol agreement by the vendee to pay taxes or assessments, as a part of the consideration of the conveyance, is admissible in an action on the covenant of warranty. 54 Ark. 195; 48 Am. Dec. 352; 29 Ind. 468; 30 Ind. 142; 38 Ind. 350; 107 Ind. 389; 150 Ind. 364; 153 Pa. 195; 94 Tex. 169; 59 Me. 210; 49 Me. 212; 22 Ill. 110; 66 Ia. 458; 43 Ia. 567; 42 Mich. 567; 42 Mich. 444; 31 Pa. 252.

Though the consideration expressed in the deed is *prima facie* evidence of the true consideration, yet parol evidence may be introduced to show the true consideration as affecting the damage. 54 Ark. 195; 5 Ala. 224; 8 Conn. 304; 15 Ia. 22; 23 Ky. 291; 44 Tex. 400; 20 Ga. 723; 57 Wis. 1; 127 Ill. 67; 28 Ia. 57; 4 N. H. 229; 32 Pa. St. 18; 35 N. H. 120.

The grantee is estopped from claiming damages by reason of such encumbrance. 99 Ark. 260.

HART, J. This is an action of contract on a covenant of warranty against encumbrances in a deed from appellee to appellants. The court, sitting as a jury, found in favor of appellee, and from the judgment in his favor appellants have duly prosecuted an appeal to this court.

At the time of the execution of the deed, taxes to the amount of $99.10 had been duly assessed, levied and charged against the land conveyed by the deed. It is admitted that the unpaid taxes upon the land were an encumbrance within the covenants of the deed, and such is the effect of the decisions of this court. *William Far-*

*rell Lbr. Co.* v. *DeShon,* 65 Ark. 103; *Sanders* v. *Brown,* 65 Ark. 498.

Appellee was allowed to prove, over the objection of appellants, by parol evidence, that at the time the deed was executed, and as a part of the consideration, appellants promised to pay said taxes; and the action of the court in admitting this oral testimony is assigned by appellants as error for which the judgment should be reversed.

On the precise issue raised by the appeal, the authorities are at variance. The courts of Maine and Indiana hold that a parol agreement by the vendee to pay taxes which are a lien upon the land, as a part of the consideration of the conveyance, is a good defense to an action on the covenants of the deed. *Fitzer* v. *Fitzer,* 29 Ind. 468; *Dearbon* v. *Morse,* 59 Me. 210. So, also, in the case of *Johnson* v. *Elmen,* 94 Tex. 168, the court held:

"A grantor by deed of general warranty (implying a covenant against encumbrances) when sued thereon by the warrantee who had been dispossessed by a purchaser at a sale under foreclosure of an encumbrance covered by such warranty, can show in defense a parol agreement, as part of the consideration, that the vendee should himself assume and pay off such encumbrance."

The Supreme Courts of Massachusetts and Ohio have held that in an action for breach of a covenant of warranty against encumbrances in a deed which consist of unpaid taxes, it is incompetent for the defendant to prove by parol testimony that at the time the deed was given, and as a part of the consideration, the plaintiff promised to pay the assessment. *Simanovich* v. *Wood,* 13 N. E. (Mass.) 391; *Flynn* v. *Bourneuf,* 143 Mass. 277, 9 N. E. 650; *Long* v. *Moler,* 5 Ohio St. 271.

The Supreme Court of Indiana admits that the doctrine laid down by it has been questioned elsewhere and that the very opposite is held in many of the States. Some of the courts have criticized the Indiana decision, not only as being opposed to the well-known rule that parol evidence is not admissible to vary the contract as

shown by the writing, but as being productive of litigation, as is evidenced by the number of decisions on this question in that State.

In the case of *Simanovich* v. *Wood, supra,* the court said: "While for some purposes it is competent to show what the real consideration of a deed is, a party can not, under the guise of showing what the consideration is, prove an oral agreement, either antecedent to or contemporaneous with the deed, which will cut down or vary the stipulations of his written covenant. This would violate the well-settled rule of law which will not permit a written contract to be varied or controlled by such parol testimony."

To the same effect is Devlin on Deeds (1 ed.), vol. 2, § 914; Rawle on Covenants of Title (5 ed.), § 88.

We think the effect of our previous decisions bearing on this question is to exclude parol evidence to show that it was the agreement of the parties that the covenant was not to extend to a particular encumbrance not expressly excepted from its operation. In the case of *Barnett* v. *Hughey,* 54 Ark. 195, the court, in discussing the measure of damages in an action for breach of covenant, said:

"In such actions, parol evidence is admissible on the part of the plaintiff to show that the actual consideration was greater than that expressed in the deed for the purpose of increasing the damages, and on the part of the defendant to show that it was such for the purpose of diminishing them; but not for the purpose of defeating the deed or recovery on the covenants."

Counsel for appellee also seek to uphold the judgment on the authority of *Geren* v. *Caldarera,* 99 Ark. 260; but we do not think that case an authority for his position. There Geren examined the lots before purchasing them, and knew that the switch track was there. The court held that under the evidence he must have known all about the switch track and bought the lot with it in mind; that it was evident from the testimony that the

existence of the easement of the switch track was an inducement to him to purchase the lots, and said:

"He purchased the property in contemplation of its physical condition and with reference thereto. He wished to purchase property with a switch track on it, and he got what he wanted. He can not now turn around on his grantor and complain that the covenant against the encumbrances was broken by the existence of an easement which he knew about when he purchased the property and the continued existence of which was one of the inducements which caused him to make the purchase. Such attempt is unjust and inequitable; and defendant is estopped from claiming that the existence of the easement is an encumbrance, which is a breach of the covenants contained in his deed."

It will be noted that there are two kinds of encumbrances; one like the one in question, which affects the title to the land, and the other which, like the easement in the case of *Geren* v. *Caldarera,* 99 Ark. 260, affects the physical condition of the land.

Neither do we think the case comes within the principle announced in *Bass* v. *Starnes,* 108 Ark. 357, 158 S. W. (Ark.) 136. Briefly stated, the facts in that case were: Cleveland conveyed certain lands to Bass, and Bass went on the lands and viewed them before he purchased them. He found one Noah Starnes in possession of them under a lease from Cleveland. But by the terms of the lease, Starnes was to hold the land for a stated period of time in consideration that he should clear and put in cultivation certain of them. Cleveland was allowed to testify to the effect that he told Bass about the terms of the lease and that he could not collect any rent on the land until after the lease expired. Under these circumstances, it can not be said that the admission of this testimony had the effect to vary or contradict the deed, because Bass knew that Starnes occupied the land at the time he purchased it as tenant of Cleveland, and, having knowledge of this fact, he succeeded to the rights of Cleveland as landlord and could only collect such rent

as Starnes had agreed to pay Cleveland  Then, under the rule laid down in the case of *Barnett* v. *Hughey,* 54 Ark. 105, the evidence of Cleveland to the effect that no rent was to become due thereafter was competent because it did not defeat a recovery on the covenants, but was simply testimony on the part of Cleveland for the purpose of diminishing the damages of Bass for a technical breach of the covenant.

As stated in the case of *William Farrell Lbr. Co.* v. *DeShon, supra,* the rule, as respects the measure of damages, is to treat the covenant against encumbrances as a covenant of indemnity. Under this rule from the fact that Bass knew that Starnes occupied the lands under a lease from Cleveland at the time he purchased the land from Cleveland, his measure of damages would be the amount of rent that would become due on the land after the date of his purchase; and the testimony of Bass to the effect that no rent would become due thereafter, and that Starnes was to pay the rent by clearing a portion of the land, was competent to be shown by parol in order to fix the amount of damages suffered by Bass, and such evidence did not tend to vary or contradict the deed, which was the written contract between the parties. Under the testimony introduced in that case, there was a technical breach of the covenants, and Bass was only entitled to nominal damages. So it may be said that the conclusion reached by the court in that case was correct. Some of the language used in that opinion may be said to conflict with the views we have here expressed and to the extent that it does the present opinion controls.

Neither can it be said that the rule announced in the case of *J. H. Magill Lbr. Co.* v. *Lane-White Lbr. Co.,* 90 Ark. 426, is opposed to the views we have here expressed. There the bill of sale recited that the property described in the bill of sale was subject to a mortgage held by the Lane-White Lumber Company of Fort Smith for $5,150. The court held that it was competent to prove by parol an agreement to pay the mortgage debt as part of the consideration for the sale. The rule there announced is

not opposed to our other cases which exclude parol evidence to vary or contradict writing. In that case, the defendant claimed that under the language of the bill of sale it was agreed that it should take the property subject to the mortgage, but that by the terms of the bill of sale it was not to be personally liable for the mortgage debt. The bill of sale contained no agreement on the part of the grantee, but merely recited a conveyance of the property subject to the mortgage. The title conveyed is thereby made subject to be defeated by failure to pay off the mortgage debt. Evidence that the grantee agreed to pay the mortgage as a part of the consideration in no manner affects or qualifies the conveyance or any agreement therein. The fact that the mortgage debt was to be satisfied as a part of the consideration, rather than some other amount of money, did not in any respect tend to contradict or to vary the written instrument. See *Strohauer* v. *Voltz,* 42 Mich. 444, where the court, speaking through Mr. Justice Cooley, held: "A deed containing a covenant of warranty 'against all lawful claims whatsoever subject to a certain mortgage given by the parties of the first part for one thousand dollars,' merely leaves the title subject to be defeated by a failure to pay the mortgage debt, but does not bind the grantee to pay it. And the exception is not such a written contract as will exclude evidence to show that in addition to the consideration expressed, the grantee had also agreed to pay off the mortgage. The exception and the agreement are distinct." See, also, *Patton* v. *Atkins,* 42 Ark. 197.

Therefore, we hold that aside from the question of fraud or mistake parol evidence is not admissible to show that a covenant against encumbrances, where no exception is contained in the deed itself, was not intended by the parties to apply to a particular encumbrance. It follows that the judgment must be reversed, and, the case having been fully developed, judgment will be entered here for $99.10, the amount sued for.