## SHEFFIELD *v.* MAXWELL.

### Opinion delivered April 7, 1924.

1. EVIDENCE—PAROL EVIDENCE RULE.—Where a grantee assumed a mortgage of $2,000, and subsequently sued the grantor for breach of warranty, alleging that there was an additional mortgage on the land for $240, it was error to refuse to permit the defendant to show that the incumbrance complained of was for a part of the interest on the $2,000 debt, and that it was assumed by the grantee, as such testimony did not vary or contradict the terms of the contract of purchase or the deed itself.

2. MORTGAGES—ASSUMPTION BY GRANTEE.—A recital in a deed that a mortgage assumed by the grantee was for $2,000 and $160 interest due did not exclude the obligation to pay future installments of interest.

3. EVIDENCE—PAROL EVIDENCE RULE.—In an action to recover on a breach of warranty against incumbrances, the rule that parol

evidence is not admissible to show that it was the agreement of the parties that the covenant against incumbrances was not to extend to a particular incumbrance was not violated by evidence tending to show what debt the grantee agreed to assume.

4. TRIAL—TRANSFER OF CAUSE.—It was not error to refuse to transfer an action for breach of warranty against incumbrances to the chancery court where the answer set forth a purely legal defense.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; reversed.

*Tom Williams,* for appellant.

The answer stated an equitable defense in denying the indebtedness, and alleging that appellee knew at the time the deal was consummated that the land was sold to him subject to a lien of two thousand dollars, bearing eight per cent. annual interest, and knew that the mortgage was made in the form adopted by many loan companies, *i. e.,* one for the principal sum, bearing six per cent. interest, and a second mortgage for an amount to cover the additional two per cent. The prayer to transfer to equity should have been granted. 36 Ark. 288; 123 Ark. 255; 46 Ark. 272; 71 Ark. 484; 98 Ark. 23; 87 Ark. 142; 95 Ark. 118.

*A. L. Smith,* for appellee.

Appellant made no attempt to deny the execution of the contract and deed made between himself and appellee. He would not be permitted to show by parol testimony that there was a different contract than that which was in writing. 24 Ark. 210; 13 Ark. 449; *Id.* 598; 15 Ark. 543; 11 John. Rep. 201; Smith's Law of Contracts, 94; 109 Ark. 82; 215 S. W. 519; 218 S. W. 380; 110 Ark. 64; 71 Ark. 494; 142 Ark. 234; 148 Ark. 209; 140 Ark. 182; 133 Ark. 105; 144 Ark. 279; 145 Ark. 310; 149 Ark. 664.

McCULLOCH, C. J. Appellant sold and conveyed to appellee a certain tract of land in Benton County, the deed of conveyance containing full covenants of warranty, and this action was instituted by appellee against appellant in the circuit court of that county to recover damages on account of an alleged breach of the covenants

of warranty in failing to remove an incumbrance on the land in the sum of $240, evidenced by a mortgage executed by appellant to the Shartel Mortgage Company.

Appellee exhibited with his complaint his preliminary written contract with appellant, whereby it was agreed that appellant would sell and convey the land in question to appellee, that appellee would pay therefor the sum of $5,100 in cash and assume a mortgage for $2,000, and that appellant would pay the interest on the mortgage up to the following October, the date of the contract being August 2, 1920. The deed, which is exhibited with the complaint, bears date of August 3, 1920, and purports to convey the land to appellee "in consideration of the sum of $7,100 paid by C. J. Maxwell." Following the description of the land appears this clause in parentheses: "This deed is made subject to a mortgage for $2,000 to Shartel Mortgage Company, and $160 interest due." It is alleged in the complaint that appellee accepted the deed and paid the cash part of the consideration, but that, in addition to the $2,000 mortgage, there was another mortgage on the land for the sum of $280 to the Shartel Mortgage Company which was unsatisfied, and that appellee had to pay the sum of $240 to remove the incumbrance, the remaining sum of $40 having been paid by appellant. Recovery is sought for the amount alleged to have been paid in removing the incumbrance.

Appellant answered, denying that there was any incumbrance on the land other than the one which appellee assumed and agreed to pay as a part of the consideration for the conveyance. It is alleged in the answer that the two mortgages to the Shartel Mortgage Company were executed as part of the same transaction, it being to cover a loan of $2,000 bearing eight per cent. interest, and that the notes covered by the principal mortgage were bearing six per cent. interest, and the other mortgage was given to cover the additional interest of two per cent. per annum, payable annually, and was put in that form so that the broker could get the

additional interest as his commission on the loan. Appellant, in his answer, prayed that the cause be transferred to the chancery court, which request was denied, and, on the trial of the cause, the court directed a verdict in favor of appellee.

Appellee testified in the case, and exhibited his contract with appellant and his deed from the latter, as well as the two mortgages to the Shartel Mortgage Company, and testified that he paid off the mortgage for $240 upon a statement made to him by the Shartel Mortgage Company. On cross-examination he stated that he knew at the time he purchased the land that the loan secured by the mortgage was bearing interest at the rate of eight per cent. per annum. It was admitted that appellant had paid the accrued interest in accordance with the stipulations of the contract. The court refused to permit appellant to introduce proof to show that the second mortgage to the Shartel Mortgage Company for $280 merely covered the additional two per cent. interest on the debt secured by the mortgage, and the court then gave a peremptory instruction in favor of appellee. We are of the opinion that the court erred in excluding the offered testimony, as well as in giving a peremptory instruction. The testimony offered to show the connection between the two mortgages did not vary or contradict either the terms of the original contract of purchase between the parties or of appellant's deed to appellee. Of course, the antecedent contract between the parties was merged in the conveyance, but appellee elected to introduce it into the case as evidence of the contract. Each of the instruments shows, however, that appellee assumed to pay the $2,000 mortgage, which necessarily included all interest due thereon. The recital in the deed to the effect that the mortgage was for $2,000 "and $160 interest due," did not exclude the obligation to pay future installments of interest.

We are committed to the rule that, in actions to recover on breaches of warranty against incumbrances, parol evidence is not admissible "to show that it was the

agreement of the parties that the covenant was not to extend to a particular incumbrance not expressly excepted from its operation." *Hardage* v. *Durrett,* 110 Ark. 63. In the case just cited there is a full discussion of the authorities, and the line is drawn between cases where parol evidence is admissible and where it is inadmissible. In that case there was a suit to recover for an alleged breach of covenant in failure to pay accrued taxes on land, and we held that it was not competent to show by parol evidence that the grantee had agreed, as part of the consideration, to pay the taxes. Other authorities are cited in the same opinion, which support the view that, under the status of the present case, such testimony is competent. The testimony offered in the present case was not to vary or contradict the writings, but was to identify the debt which appellee assumed by the acceptance of the deed. The purpose of the testimony was not to prove an additional agreement on his part, but to show what constituted the mortgage which he agreed to pay. The testimony went, in other words, merely to the identity of the debt, and not to an additional obligation on the part of the grantee. *Riddle* v. *Holcomb,* 160 Ark. 265.

There was no error committed in refusing to transfer the cause to the chancery court. The defense set forth was a complete one at law, and no defense of a purely equitable nature was set forth.

For the errors indicated the judgment is reversed, and the cause remanded for a new trial.