THACKSTON *v.* FARM BUREAU LUMBER CORPORATION.

4-8242                                           204 S. W. 2d 897

Opinion delivered October 13, 1947.

Rehearing denied November 10, 1947.

*E. W. Brockman,* for appellant.

*Rowell, Rowell & Dickey,* for appellee.

HOLT, J. June 27, 1944, R. L. Rinehart and wife executed to appellee, Farm Bureau Lumber Corporation, a timber deed to certain timber on land involved here. The deed provided that the lumber corporation should have until December 31, 1945, within which to cut and remove the timber conveyed, and the further provision "with the understanding that if requested, the grantors will give an additional three months without charge."

This timber deed was not recorded until November 16, 1945.

September 10, 1945, appellants, T. L. Thackston and wife, entered into a contract to purchase the land here involved from R. L. Rinehart and wife, and the contract to purchase was consummated by the execution and delivery, on September 29, 1945, of a warranty deed by the Rineharts to the Thackstons. This warranty deed contained the usual warranty against all claims whatsoever and that the land was free from all liens and incumbrances. It is undisputed that at the time the Rineharts made this deed to the Thackstons, the Thackstons were advised that a timber deed in favor of appellee, lumber company, was outstanding which gave the appellee, company, until December 31, 1945, within which to cut and remove the timber, but had not been recorded. There is a dispute as to whether the Thackstons also had knowledge that the timber deed contained a provision for extension without charge for ninety days after December 31, 1945. November 16, 1945, the Rineharts executed an extension agreement to the lumber company to expire March 31, 1946.

Appellee, Farm Bureau Lumber Corporation, brought the present suit February 8, 1946, against the Thackstons to recover the value of the timber, alleging that the Thackstons had prevented the cutting and removal thereof.

Appellants' answer denied all material allegations in appellee's complaint and further alleged by way of cross-complaint that if such timber deed existed, they had been defrauded by the Rineharts, "and if it be determined upon the trial of the issues in this cause that the said R. L. Rinehart, through false and fraudulent representations, sold said property to the defendants, and that plaintiff (appellee company) has a prior claim, the said R. L. Rinehart should respond to defendants (appellants) in damages to the amount of any prior claim established by said plaintiff upon final hearing."

His prayer was "that the plaintiff's complaint be dismissed for want of equity, that the said R. L. Rine-

hart be made a party to this action, and in case judgment be rendered against defendants, (appellants), they in turn have judgment against the said R. L. Rinehart.''

After making the Rineharts parties to the suit and upon a trial, the court found in favor of appellee, Farm Bureau Lumber Corporation, against appellants for the sum of $2,000.

The court denied appellants' prayer for a judgment and relief against the Rineharts.

This appeal followed.

On the record presented, we have reached the conclusion that the court correctly found and entered a decree in favor of the appellee, lumber company, against the Thackstons for the value of the timber under the terms of the timber deed, *supra,* from the Rineharts to it, but erred in denying the relief prayed by the appellants, the Thackstons, against the Rineharts.

As has been indicated, it appears to be undisputed that at the time the Rineharts delivered their warranty deed to the land involved here, the Thackstons were informed and had knowledge of the unrecorded outstanding timber deed and of the provision therein that the lumber company should have until December 31, 1945, to cut and remove the timber, although the warranty deed contained nothing to indicate any outstanding claims or liens of any kind.

While the Thackstons denied any knowledge of the extension provision in the timber deed, the testimony on this point is somewhat conflicting and we are unable to say that the finding of the trial court thereon, in favor of appellee, lumber company, is against the preponderance thereof.

In *Broderick* v. *McRae Box Co.,* 138 Ark. 215, 210 S. W. 935, this court said: ''Prior to the execution of the deed to the land from Hall to Broderick, Hall, by a written contract, sold and conveyed the timber to a third person. According to the testimony introduced for the defendants, McRae Box Company and Hale, Broderick

was informed by his vendor before the execution of the deed by the latter to the former that the timber had been sold. This was actual notice to Broderick and put him on inquiry as to the rights of the parties who had purchased the timber. (Citing cases.) It is true that Broderick denied that Hall told him that he had sold the timber at the time he made the contract with him for the sale of the land; but the testimony as to notice need only be established by a preponderance of the evidence.''

We are unable to find any evidence of fraud, and there is no allegation, or proof, of mistake as to any provisions of the warranty deed.

In these circumstances, as between the Thackstons and the Rineharts, the rule is well established that the Rineharts would be bound by the covenants of warranty in their deed to the Thackstons.

The rule is stated in *Texas Company* v. *Snow*, 172 Ark. 1128, 291 S. W. 826, as follows: ''Knowledge, or notice, however full, of an incumbrance, or of a paramount title, does not impair the right of recovery upon covenants of warranty. The covenants are taken for the protection and indemnity against known and unknown incumbrances or defects of title,'' and in *Broderick* v. *McRae Box Co., supra,* this court said: ''The deed in the absence of fraud or mistake is the final contract between the parties and cannot be varied or modified by parol evidence. In the application of this rule, this court has held that an oral agreement between the vendor and purchaser of land made at the time of the execution of the deed to the effect that crops growing on the land shall be excepted from the conveyance and remain the property of the vendor is of no effect and may not be proved by the vendor. *Gibbons* v. *Dillingham et al.,* 10 Ark. 9, 50 Am. Dec. 233, and *Gailey* v. *Ricketts,* 123 Ark. 18, 184 S. W. 422. So, too, it was held in *Hardage* v. *Durrett,* 110 Ark. 63 160 S. W. 883, L. R. A. 1916E, 211, Ann. Cas. 1915D, 862, that parol evidence is not admissible to show that a covenant against encumbrances was not intended by the parties to apply to a particular encumbrance, in the absence of a question of fraud or

mistake, and when no exception to that effect is contained in the deed itself."

It follows that the decree of the lower court in favor of appellee, Farm Bureau Lumber Corporation, is affirmed, and the decree in favor of the Rineharts on the cross-complaint of the Thackstons, is reversed and the cause remanded with directions to render a decree in favor of the Thackstons against the Rineharts for $2,000.

Costs to be divided equally between the Rineharts and the Thackstons.