MAGEE *v.* ROBINSON.

4-9293                                                   234 S. W. 2d 27

Opinion delivered November 20, 1950.

*Cracraft & Cracraft,* for appellant.

*John C. Sheffield,* for appellee.

MINOR W. MILLWEE, Justice. Appellees, O. J. Robinson and wife, owned a farm in Phillips County which they sold to appellant, R. P. Magee, on April 4, 1946. Appellees conveyed by warranty deed with lien retained to secure payment of $5,000 balance of the purchase price evidenced by ten notes of $500 each payable annually beginning January 1, 1947, and bearing interest at six per cent. from that date. Upon appellant's refusal to pay the first note when due, appellees instituted this suit to recover judgment for $500 and to foreclose the lien reserved in the deed.

Appellant defended on the ground that, at the time of the conveyance, the property was encumbered by an outstanding lease which constituted a breach of the general covenant of warranty in the deed; and that he paid $400 in order to remove the encumbrance and obtain possession of the property. Judgment was prayed against appellees for $400 with interest, costs and attorney's fee as an offset against the note due January 1, 1947.

No objections were interposed in the chancery court to any of the testimony which was taken on depositions. The chancellor entered a decree of foreclosure in favor of appellees finding that appellant was not entitled to credit on the note for the payment made to discharge the alleged encumbrance.

There is little dispute in the evidence, which tends to establish the following facts: In the latter part of March, 1946, appellant inspected the 116-acre farm and entered into purchase negotiations with O. J. Robinson. Robinson informed appellant that he had already arranged to farm the cultivated lands in 1946. He also told appellant that the residence, a store building, barn and two-acre

pasture on the lands had been leased to J. W. Davis for five years at $15 per month, but that the lease was worthless; and that possession of the entire premises would be delivered to appellant on January 1, 1947. Appellant was employed in Central America at that time and did not expect to personally occupy the premises for at least three or four years. On the date of the execution of the deed it was agreed that possession of the lands would be surrendered to David Inebnit, appellant's brother-in-law, on January 1, 1947, and that Robinson would continue to receive the rents from Davis until that date. It was also agreed that no interest would be payable on the deferred balance of the purchase price until after January 1, 1947, and this stipulation was incorporated in the deed.

At the time of the execution of the deed, or shortly thereafter, appellant executed a power of attorney to Inebnit authorizing the latter to take charge of and rent out the lands on January 1, 1947, and a copy of this instrument was furnished appellees.

Appellant's employment in Central America was for some undisclosed reason terminated in the fall of 1946, when he returned to Phillips County and began negotiations with Robinson and Davis to obtain immediate possession of the property. On November 25, 1946, counsel for appellant directed a letter to O. J. Robinson by registered mail advising him that Davis refused to surrender possession under his lease unless he was paid $400 and notifying Robinson that, ''unless you cause Mr. Davis to vacate from this property by December 15th, so that Mr. Magee can enter into peaceful possession of the property, that Mr. Magee will pay to Mr. Davis this sum of money as a necessary expense to possession and will immediately thereafter proceed to hold you legally liable for the reimbursement of this amount of money, together with all costs and expenses, including a reasonable attorney's fee paid to his attorney for services in the matter.''

On December 12, 1946, appellant entered into a written agreement with Davis to pay him $400 to vacate the premises on or before December 17, 1946. Davis vacated the premises on December 15, 1946, and was paid $400

by appellant. Appellant also paid Robinson $7.50 rent for the last half of December, 1946, and Davis paid Robinson the same amount as rent for the first half of said month.

For reversal of the decree appellant earnestly insists that the chancellor erred in refusing to either dismiss the complaint or allow him credit on the note sued upon for the $400 paid Davis. Although appellant assisted in fully developing the testimony concerning the prior and contemporaneous oral agreements as to the effective date of possession, and made no objection to appellees' development thereof, it is now argued that all this evidence was incompetent and inadmissible and in violation of the rule that parol evidence cannot be admitted to vary the express terms of a deed. Appellant relies on several cases where we have held that, in the absence of fraud or mistake, parol evidence is not admissible to show that a covenant against encumbrances was not intended by the parties to apply to a particular encumbrance, where no exception to that effect is contained in the deed itself. Some of these cases are *Hardage* v. *Durrett,* 110 Ark. 63, 160 S. W. 883, L. R. A. 1916E, 211, Ann. Cas. 1915D, 862; *Ark. Trust Co.* v. *Bates,* 187 Ark. 331, 59 S. W. 2d 1025; *Thackston* v. *Farm Bureau Lumber Corporation,* 212 Ark. 47, 204 S. W. 2d 897.

Conceding, without deciding, that appellant may on appeal question for the first time the admissibility of the contemporaneous oral agreement, we hold that such evidence was admissible under the authority of *Bass* v. *Starnes,* 108 Ark. 357, 158 S. W. 136, where the court held (headnote 2): ''In a suit against a vendor of land for breach of covenants of warranty, evidence on the part of the vendor is admissible to show that the vendor told the vendee that there was an unexpired lease on the land conveyed, and that there was no rent to be paid on it, and that the vendee agreed to it, such facts being a part of the consideration in fixing the price of the land sold, and the evidence is admissible on the question of reduction of damages for breach of covenant of warranty.'' See, also, *Barnett* v. *Hughey,* 54 Ark. 195, 15 S. W. 464; *Davis* v.

*Jernigan,* 71 Ark. 494, 76 S. W. 554; *Sheffield* v. *Maxwell,* 163 Ark. 448, 260 S. W. 399.

The case of *Hardage* v. *Durrett, supra,* involved a suit to recover for an alleged breach of covenant by the grantor in failing to pay accrued taxes on the land conveyed and this court held that it was not competent to show by parol evidence that the grantee had agreed, as part of the consideration, to pay the taxes. In that case the court fully discussed the conflicting authorities on the precise issue there involved and held that it did not come within the principle announced in *Bass* v. *Starnes, supra,* which was distinguished on the facts. After a complete reëxamination of the facts in the last mentioned case, the court stated that a correct conclusion had been reached therein.

In Restatement of the Law of Contracts, § 240, the following general rule is stated: ''(1) An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject-matter, if the agreement is not inconsistent with the integrated contract, and (a) is made for separate consideration, or (b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract. . . .'' In the comment on Sub-section (1b) the authors also state: ''The justification of the Parol Evidence Rule is that when parties incorporate an agreement in a writing it is a reasonable assumption that everything included in the bargain is set down in the writing. Though this assumption in most cases conforms to the facts, and the certainty attained by making the rule a general one affords grounds for its existence, there are cases where it is so natural to make a separate agreement, frequently oral, in regard to the same subject-matter, that the Parol Evidence Rule does not deny effect to the collateral agreement. This situation is especially likely to arise when the writing is of a formal character and does not so readily lend itself to the inclusion of the whole agreement as a writing which is not limited by law or custom to a particular

form. . . . So in connection with leases and other conveyances, collateral agreements relating to the same subject-matter have been held enforceable.''

Applying this salutary rule to the facts in the case at bar, the separate agreement as to possession of the lands is neither odd nor exceptional, but is one that might naturally be made by parties situated as were appellees and appellant at the time the deed was executed. Moreover, that part of the contemporaneous oral agreement which provided that Robinson should retain possession and continue to receive the rents from Davis until January 1, 1947, in lieu of interest on the deferred balance of the purchase price during that period, tends to explain the stipulation in the deed that the notes bear interest from January 1, 1947.

Aside, however, from prior and contemporaneous oral agreements, the action of appellant in executing the power of attorney to Inebnit to take charge of the premises on January 1, 1947, and his payment to Robinson of half the December, 1946, rent of the premises occupied by Davis, amount to a clear recognition of appellees' right to possession of the lands until January 1, 1947. Appellant's demand that Robinson cause the property to be vacated by December 15, 1946, was, therefore, premature and wholly inconsistent with his other actions relative to possession. In *Texas Company* v. *Snow,* 172 Ark. 1128, 291 S. W. 826, a grantee was held to be estopped by its conduct from recovering for breach of a covenant of warranty, the court saying: ''The chancellor may have found that the conduct of the appellant estopped it from claiming any right because of the Reaves claim. It is true, as contended by appellant, that knowledge, or notice, however full, of an incumbrance, or of a paramount title, does not impair the right of recovery upon covenants of warranty. The covenants are taken for the protection and indemnity against known and unknown incumbrances or defects of title. The appellees, however, go further in this case, and not only contend that the appellant knew of the defect or incumbrance, but show such conduct on the part of the appellant as appears in-

consistent with their claim for damages for breach of warranty because of the Reaves claim."

Appellant says he cannot be charged with acting prematurely or unreasonably because he definitely knew in November, 1946, that Davis would not vacate the premises by January 1, 1947. There is a conflict in the evidence on this point. Robinson maintained that arrangements had been made for Davis to vacate by January 1, 1947, while appellant testified that he had refused to do so. An inspection of the five-year lease contract between Robinson and Davis shows that Robinson's insistence as to the invalidity of the instrument was not unwarranted. Regardless of the intentions of Davis, his removal from the premises by January 1, 1947, might have been accomplished by Robinson at much less expense than the $400 prematurely paid by appellant. Under all the circumstances, Robinson was at least entitled to the experiment.

The decree is affirmed.