GUDE *v.* WRIGHT.

5-2127                                    335 S. W. 2d 727

Opinion delivered May 30, 1960

*Frank C. Douglas,* for appellant.

*Taylor & Sudbury* by *Graham Sudbury,* for appellee.

JIM JOHNSON, Associate Justice.    This case involves a claim for damages arising out of a breach of warranty.

In 1958, appellee, Harold B. Wright, purchased five lots in Block One of Wilson's Third Addition to the City of Blytheville, from appellants, Joe Gude and Velma Gude, his wife, and Orval Gude and Margaret Evelyn Gude, his wife, for a total consideration of $10,000. The conveyance was made by warranty deed and upon execution and delivery of the same appellee paid appellants $1,000 of the purchase money and executed three notes for the balance.    These notes were secured by a deed of trust on the property sold.

On October 3, 1958, appellee filed suit alleging that after he started his foundation for a building, Drainage District No. 17 gave him notice to remove part of this foundation extending south on part of the drainage district easement for right-of-way for Ditch 37; that said

easement extends onto these lots a distance of 34 feet, and appellee asked for damages by reason of breach of warranty. He secured a restraining order to prevent the appellants from disposing of the three notes.

Appellants denied the claim of appellee for damages, and alleged that the appellee was familiar with the location of the drainage ditch and purchased with full knowledge of the conditions; that the easement for right-of-way was a matter of record, and the appellee is charged with such record. When the appellee's suit was filed, the appellants filed cross-complaint making their grantors, Mrs. Molly Sternberg, and Blytheville Development Company, parties. Mrs. Sternberg then made her grantor, the Georges, parties to the suit.

The cause was submitted and heard upon the pleadings, exhibits, records, testimony of several witnesses taken in open court, and stipulations of counsel placed in the record; from all of which the learned chancellor decreed as follows:

"1. That the plaintiff, Harold B. Wright, do have and recover of and from the defendants, Joe Gude and Velma Gude, his wife, and Orval Gude and Margaret Evelyn Gude, his wife, the sum of $1,416.66, for breach of warranty; that said amount is adjudged to be a set-off against the $9,000 balance of the purchase prices of the lots involved, leaving a balance as of September 12, 1958, of $7,583.34 due said defendants, plus interest thereon from said date until paid and judgment is hereby rendered against the said plaintiff in favor of said defendants for said sum, plus six per cent interest from September 12, 1958, until paid.

"2. The plaintiff is hereby given 30 days from the date of the entry of this decree in which to pay the amount of said judgment; and if said amount is not paid to the defendants or into the treasury of this Court, the defendants may apply to the Court for decree of foreclosure under their purchase money deed of trust. Payment into court will stop interest on said money. The plaintiff to have judgment for his cost herein expended,

which may also apply as a credit on the judgment in favor of the defendants.

"3. That the temporary restraining order issued herein was proper but there is no longer any need for same because the defendants Gude have brought into Court the notes given for the balance of the purchase price of the said property in the amount of $9,000 and therefore same have not been negotiated or sold; and the surety on the bond for restraining order obtained by the plaintiff, Harold B. Wright, be and is hereby discharged and exonerated together with the principal upon said bond from any liability by reason thereof.

"4. Any and all issues between the defendants and the cross-defendants are reserved for further consideration and determination by the Court upon application of the said parties."

From such decree comes this appeal.

On trial *de novo* we find the record reveals that the lots here in question join one another and make as a complete whole one lot 160 feet by 600 feet: That the lots were bought for business purposes because of the 160 feet of frontage on U. S. Highway No. 61: That the drainage ditch is located on the section line and the invisible easement for right-of-way is 100 feet — 50 feet on each side of the center of the ditch: That the easement on the north side of the ditch does extend 34 feet over on the south side of the lots here involved; That no part of the ditch is located on the lots: That the extension of the drainage district right-of-way for said ditch, being in existence at the time of platting and selling of the lots involved, the existence of which failing to appear on the recorded plat from which appellee purchased, is a breach of the covenants of warranty contained in the deed from appellants to appellee: That appellee has been legally evicted to the extent of the easement: That the south 34 feet of appellee's property was useless for his purposes since he planned to construct buildings on his property fronting on U. S. Highway 61: That in addition to appellee's estimate of damages sus-

tained in the amount of $2,100 or $2,200, there was ample competent evidence adduced from an experienced realtor to sustain the amount of damages found by the Chancellor.

It is a well settled rule of law that covenants of warranty are taken for protection and indemnity against known and unknown encumbrances or defects in title. Knowledge or notice, however full, of an encumbrance, or of a paramount title, does not impair the right of recovery upon covenants of warranty. See: *Magee* v. *Robinson,* 218 Ark. 54, 234 S. W. 2d 27; *Texas Company* v. *Snow,* 172 Ark. 1128, 291 S. W. 826.

Concluding, therefore, that the weight of the evidence on the whole case supports the findings of the Chancellor, the decree is affirmed.