# ARKANSAS AVIATION SALES, INC. *v.* CARTER CONSTRUCTION COMPANY ET AL

5-5570                                     469 S. W. 2d 118

Opinion delivered June 21, 1971
[Rehearing denied August 9, 1971.]

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*Holmes & Byrd,* for appellees.

FRANK HOLT, Justice. Appellee, Carter Construction Company, filed an action for a declaratory judgment against appellant, Arkansas Aviation Sales, Inc., to determine the ownership of a Piper Cherokee Aircraft. Appellee asserts ownership by the provisions of a writ-

ten lease-purchase agreement. Appellant claims that this written agreement provides for a lease only and that it, therefore, retains ownership of the plane following completion of the agreed monthly rental payments.

The trial court found that appellant agreed to sell the aircraft to appellee under a lease-purchase agreement, and that the option to purchase was deleted from the contract "by agreement of the parties thereto and was not done with the intention of making said instrument a lease only of said aircraft * * *." For reversal appellant contends that the chancellor erred in admitting parol testimony which contradicted a prior written "Aircraft Lease" executed between the appellant and appellee. There is no appeal from that part of the decree finding a balance due on the contract and a note which were assigned to a local bank.

On May 1, 1965, the parties executed a five-year "Aircraft Lease" which contained an option to purchase clause. Appellee had the right to apply its monthly rental payments on the purchase price of $19,055.00 (which included sales tax) plus any accrued interest. There was evidence that about two weeks later the parties, by mutual agreement, deleted the lease-purchase option. Several months after the written agreement was made the corporate ownership of appellant was transferred to the present owners.

Appellant does not dispute "that the parties mutually agreed on having the language in the contract relating to the option to purchase stricken." Even so, appellant objects to the chancellor permitting the original parties to the transaction to testify that, at appellee's accountant's suggestion, the option to purchase was deleted for tax benefits to appellee and that this deletion was with the mutual understanding that the written agreement would remain a lease-purchase transaction.

In *Ferguson v. C. H. Triplett Co.*, 199 Ark. 546, 134 S. W. 2d 538 (1939) we reiterated that: "It is well settled in this state that parties to a written contract

may, subsequent to its execution, modify it and substitute a valid oral agreement therefor."

In the case at bar we think the chancellor was correct in permitting these original parties to this written contract to testify about their "side agreement." In Restatement, Contracts § 240 we find:

"(1) An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject-matter, if the agreement is not inconsistent with the integrated contract, and

\* \* \*

(b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract."

The Committee Comment on Subsection (1) (b) reads:

"d. The justification of the Parol Evidence Rule is that when parties incorporate an agreement in a writing it is a reasonable assumption that everything included in the bargain is set down in the writing. Though this assumption in most cases conforms to the facts, and the certainty attained by making the rule a general one affords grounds for its existence, there are cases where it is so natural to make a separate agreement, frequently oral, in regard to the same subject-matter, that the Parol Evidence Rule does not deny effect to the collateral agreement. This situation is especially likely to arise when the writing is of a formal character and does not so readily lend itself to the inclusion of the whole agreement as a writing which is not limited by law or custom to a particular form. Thus, agreements collateral to a negotiable instrument if incorporated in it might destroy its negotiability, and in any event would deprive it of the simplicity of form characteristic of negotiable

paper. So in connection with leases and other conveyances, collateral agreements relating to the same subject-matter have been held enforceable. These illustrations of what agreements 'might naturally be made' without inclusion in an integrated contract are not exclusive. It is not essential that a particular provision would always or even usually be made in a separate collateral agreement. It is enough that making such a provision in that way is not so exceptional as to be odd or unnatural."

In *Magee* v. *Robinson*, 218 Ark. 54, 234 S. W. 2d 27 (1950) we approved this section of the Restatement and permitted parol evidence to establish a contemporaneous oral agreement relating to a deed. There we said:

"* * * the separate agreement as to possession of the lands is neither odd nor exceptional, but is one that might naturally be made by parties situated as were appellees and appellant at the time the deed was executed."

Also, in *Bourque* v. *Edwards*, 232 Ark. 665, 339 S. W. 2d 436 (1960) we again recognized the validity of § 240 in holding that although parol evidence is not admissible to vary a written instrument, it was there admissible to prove a "side agreement" with respect to whether a conveyance of real property included a butane tank.

We think this section is likewise applicable in the case at bar. There was evidence adduced that the customary and popular method of acquiring an aircraft by a business enterprise was by the lease-purchase contract and, as previously indicated, this provision was eliminated only for tax purposes. Further, the transaction was entered on appellant's books as a sale with the sales tax added and paid. In the circumstances, we are of the view that the deletion of the lease purchase paragraph from the written contract, for tax purposes, was a proper subject for a "side agreement;" that this deletion would not affect the original agreement between the parties and is consistent with their contract; and

that it is an oral or collateral agreement which "might naturally be made as a separate agreement by parties situated as were the parties to the written contract." Therefore, the trial court did not err in admitting parol testimony by the original parties to establish their "side agreement" made subsequent to the parties' written contract, and to show the scope and effect of this oral agreement.

There being no contention that the findings of the chancellor are against the preponderance of the evidence should the parol evidence be admissible, the decree is affirmed.

Affirmed.

BYRD, J., not participating.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I cannot grasp the reasoning by which the court is saying that the effect of the action of the trial court and of the majority is not to permit the contradiction, alteration, or variation of, and addition to the terms of a valid and unambiguous contract by parol evidence, contrary to prior decisions of this court on the subject. Our rule permitting the modification of a written contract is appropriate, but its applicability here terminates before the end result is reached.

A clear, unambiguous written lease-purchase agreement was entered into between the parties. By mutual agreement, that lease-purchase agreement was modified to eliminate from it all clauses pertaining to purchase of the plane, making it a clear, unambiguous written lease agreement upon which appellant relied in the chancery court. The modification was accomplished by striking through the appropriate paragraphs, and the initialing of the action by the parties. The agreement, as modified, is that which appellee endeavored to vary and alter by proving a contemporaneous oral

agreement that the lease-purchase agreement remained in effect. In pleading, however, the appellee (plaintiff) only alleged that when the pertinent "purchase" paragraphs were eliminated, it was not the intention of the parties that the contract become a straight lease agreement, but that the plaintiff retained his option to purchase at any time prior to expiration of the lease, upon the very terms deleted. It also asserted that the interpretation of the contract sought by appellant would result in undue hardship to appellee and unjust enrichment of appellant. There was a further allegation by appellee that there was no consideration for the deletion of the clauses in the contract.

According to the officer of appellee who conducted the negotiations, the paragraphs were stricken two weeks after the contract was signed. The salesman for appellant stated that they were deleted the same day the transaction took place. They were stricken on advice of appellee's accountant, so that rental payments could be deducted by appellee on income tax returns. After the deletion, appellee did charge all rental payments off as such on its income tax returns. Language not stricken included the following:

> The Aircraft will be returned to the lessor at its office, aforesaid by the Lessee at the Lessee's expense at 12 o'clock Noon on the 1st day of April, 1970, in the same condition as when received except for reasonable wear and tear from ordinary use.

*　*　*

> Lessee, at his own expense, agrees to keep the Aircraft in good condition and repair and will return the Aircraft to Lessor upon the termination of this lease in the same condition as when received except for reasonable wear and tear from ordinary use.

Oral testimony simply is not admissible to engraft

contemporaneous oral agreements upon a written contract. *Archer* v. *Bucy,* 235 Ark. 244, 357 S. W. 2d 636, and *Jones* v. *Cox,* 227 Ark. 750, 301 S. W. 2d 12, present close parallels to the present case, and reiterate our oft-stated parol evidence rule in this regard. In *Cox,* an effort was made to engraft a provision that the purchase price for a concrete mixer would be paid for solely from the net profits from its operation. See also: *Kelly* v. *DeWees,* 200 Ark. 770, 140 S. W. 2d 1011, where an effort was made to show a contemporaneous oral agreement that a written separation agreement would not be incorporated into a divorce decree; *Bridges* v. *Harold L. Schaefer, Inc.,* 207 Ark. 122, 179 S. W. 2d 176, where a purchaser under a contract for delivery of equipment f.o.b. factory without service wiring or plumbing sought to show a parol agreement that the seller was to install the equipment; *Kimmer* v. *New Gin, Inc.,* 199 Ark. 1187, 137 S. W. 2d 749, where the maker of a note having an apparently unconditional obligation thereon sought to show an oral agreement that the note be paid by application of the earnings of his shares of stock in the corporate payee; *Atkins* v. *Garner,* 222 Ark. 470, 261 S. W. 2d 266, where the buyers of automobiles sought to prove a contemporaneous oral agreement that they were not to be personally liable on an unconditional written obligation for the payment of the balance of the purchase price. Many other such examples could be cited.

It must be kept in mind that this is not an action to reform a contract, or one based on fraud. It should also be kept in mind that the purported oral agreement would directly contradict the written contract as modified by a subsequent agreement of the parties. Neither is it a case where there was an attempt to show that the binding effect of the contract was dependent upon any condition or contingency.

I do not agree that the wholesome rule applied in the cases above cited is made less applicable by the section quoted in Restatement of the Law or *by Magee* v. *Robinson,* 218 Ark. 54, 234 S. W. 2d 27,

or *Bourque* v. *Edwards,* 232 Ark. 665, 339 S. W. 2d 436. As I read Section 240 of Restatement, Contracts, insofar as applicable here, it prohibits, rather than permits, the result here. Comments b and c in pertinent part read:

> b. A collateral oral agreement in terms contradictory of the express words of a contemporaneous or a subsequent integration is necessarily inoperative. If there is any exception to this principle it is found in the law of negotiable paper, and is outside the Restatement of this Subject which relates to the general law of contracts. A prior (but not a contemporaneous) written agreement is superseded as completely as if it were oral.

> c. Even where the extrinsic agreement is not in terms contradictory of the integration, there may be a clear implication of fact from the writing that it fully expresses the whole bargain in regard to the matter in question. To contradict such an implication of fact by extrinsic evidence is no more permissible than to contradict the direct words of the writing. In either case the writing is inconsistent with the oral agreement.

The collateral oral agreement is certainly contradictory of the express terms of the writing, and particularly of those terms hereinabove quoted. There could be no clearer implication of fact that the modified writing fully expresses the whole bargain between the parties than exists here. The manner in which the modification of the original written contract was accomplished leaves room for no other implication.

Illustrations of the application of Section 240 in the Restatement text are pertinent:

> A and B in an integrated contract respectively promise to sell and to buy Blackacre for $3000. A contemporaneous oral agreement that B shall be allowed to pay the price by work taken at a stated rate of compensation is inoperative. The oral

agreement is to pay in another medium than money or an obligation for money.

A and B in an integrated contract respectively promise to sell and to buy a specific automobile. A contemporaneous oral undertaking on the part of A to warrant the quality of the machine beyond the warranties that the law would otherwise impose is inoperative. Oral representations by A of the quality of the machine which induce B to enter into the written contract are, however, operative to create a warranty. The representations are independent of the contract through an inducement to its formation, and the obligation of a warranty is imposed by law not from a promise but from an assertion of fact.

In *Magee* v. *Robinson,* supra, the contemporaneous oral agreement was not contradictory of the terms of the written deed, which usually contains no statement as to delivery of possession. In addition to, and immediately following, the portion of the opinion quoted in the majority opinion, we said:

Moreover, that part of the contemporaneous oral agreement which provided that Robinson should retain possession and continue to receive the rents from Davis until Jan. 1, 1947, in lieu of interest on the deferred balance of the purchase price during that period, tends to explain the stipulation in the deed that the notes bear interest from Jan. 1, 1947.

This holding was in keeping with another illustration of their precepts by the writers of Restatement, as follows:

A and B in an integrated contract respectively promise to sell and to buy specified goods. No time or place for delivery is specified. If no agreement is made as to these matters the rule of law is that the goods are deliverable in a reasonable time at the seller's place of business. A contempora-

neous oral agreement that the goods shall be delivered within thirty days, at the buyer's place of business, is operative.

In *Bourque* v. *Edwards,* supra, there was no objection to the testimony involved, and the court said that it could not be made for the first time on appeal. Furthermore, the question involved was whether a butane tank constituted a part of the realty conveyed by the deed, or whether it was personalty, as the court said the parties to the deed had treated it. It does not appear that the deed contained any statement on this subject at all. This case is hardly authority for the majority's result here.

While appellee argues that, in any event, there was no consideration for the modification, this seems to me to be a self-defeating argument. It is well founded only if appellee's version of the modification is accepted. If the agreement for modification was the elimination of the lease-purchase option, consideration passed to appellee by his benefit through tax deductibility of the full amount of its payments as rental and to appellant through its being relieved from the obligation to pass title to appellee when all the payments had been made. If the lease-purchase option remained in effect by side oral agreement, no consideration whatever for the modification passed to appellant.

I would reverse the decree and enter judgment for appellant.